HOUSTON CEMETERY COMPANY ET AL. V. OCTAVIUS C. DREW ET AL.

Delivered May 1, 1896.

1.  Receiver—Grounds of Appointment.
    Where there are any grounds of relief prayed for that would authorize the appointment of a receiver, it need not appear conclusively that plaintiff is entitled to recover thereon, in order to authorize such appointment; it being sufficient that he has reasonable expectations of obtaining such relief.

2.  Same—Discretion of Court.
    The court appointing a receiver is invested with a large discretion as to the necessity for the appointment, and its decision of the fact on the supporting and counter-affidavits, is conclusive.

3.  Same—Action Against Cemetery Association.
    In an action against a cemetery association by a shareholder and lot owners, where it is shown that the defendant has failed to maintain the cemetery in proper condition, and has wrongfully misapplied a trust fund provided by the charter for the purpose of improving the cemetery, it is within the discretion of the court to appoint a receiver, with the usual powers of that office, and with special authority to continue the business of the association and make all expenditures necessary to maintain the cemetery in a reasonable state of preservation.

4.  Parties—Actions Against Corporations.
    In an action against a corporation by a shareholder, objection that the transfer of stock to such shareholder was not made on the books of the company is cured by the intervention of the person from whom the stock was received.

5.  Same—Action by One for Many.
    A petition or bill filed in the interest of the complainant and all other persons similarly situated does not make such other persons parties to the suit.

6.  Same—Disqualification of Judge.
    In an action against a cemetery corporation, the fact that the judge before whom the cause is heard, is related to a shareholder, who is not directly a party to the suit, does not disqualify him; nor does the fact that a near relative of his is buried in the cemetery.

7.  Action Against Cemetery Corporation—Mandamus.
    A lot owner in a cemetery association may maintain a bill in equity against the corporation and its officers for failing to keep the cemetery in repair, without first resorting to mandamus for that purpose.

APPEAL from Harris.    Tried below before Hon. S. H. BRASHEAR.

*Fiset & Miller*, for appellants.—1.   The Honorable Samuel Brashear was disqualified to sit in this case, and erred in overruling defendant's

motion raising that question. The grandmother of the judge who sat in this case is a lot owner in defendant's cemetery, and under the form and allegations of the petition she is a party to this suit, and said judge was disqualified. Constitution; Rev. Stats., art. 1068; 6 Am. and Eng. Ency. of Law, 731-35; Winston v. Masterson, 87 Texas, 200.

2. The plaintiffs, as lot owners, showed no such interest in the subject matter of the suit as could be enforced at law or in equity. Beach on Receivers, sec. 50; High on Receivers, secs. 12, 13; 5 Thompson on Corp., sec. 6830 and note 2.

3. If the corporation failed to properly perform its public duty of maintaining the cemetery, so that its franchise might be forfeited by the State in a quo warranto proceeding, that would not confer upon a lot owner an interest or give him a right to enforce the performance of such public duties by a private suit for the appointment of a receiver.

4. The statement of specific facts in the petition were not sufficient to authorize the appointment of a receiver. Beach on Receivers, secs. 123, 124, 5, 68, 47, 50; High on Receivers, secs. 17, 89, 88, 695, 102, 741; 5 Thompson on Corp., secs. 6842, 6878 and note.

5. A minority stockholder is not entitled to relief through a receiver on account of mismanagement, by the officers and directors, of the affairs of the corporation, unless such stockholder has first exhausted every reasonable means to obtain relief within the corporation. New Birmingham Iron Co. v. Blevins, 34 S. W. Rep., 828; Hawes v. Oakland, 104 U. S., 450; High on Receivers, secs. 295, 742; 1 Thompson on Corp., sec. 78.

6. If the plaintiffs have an adequate remedy by mandamus the court will not, through a receiver, take into its custody the corporation's property and run its business. A receiver will not be appointed to manage the business of a corporation that is neither insolvent nor to be dissolved, unless there is no other adequate remedy to the complaining party either at law or in equity. 5 Thompson on Corp., sec. 6834; Beach on Receivers, 5; High on Receivers, secs. 288, 741, 249, note; High on Receivers, sec. 288 and note 2; Mason v. S. C. Eq. League, 39 Am. St. Rep., 433; Huron County v. Judge, 31 Mich., 456; Brown v. Bank, 5 Mo. App., 1; Waterbury v. County, 50 Barb., 157.

7. Plaintiffs have a prompt, full and adequate remedy by mandamus. State ex rel. v. San Antonio, 30 S. W. Rep., 266, mandamus at suit of private party to street railway company, requiring it to operate its line; City v. Railway, 60 N. W. Rep., 758, mandamus to street railway company to pave street between its rails; Savannah Canal Co. v. Shuman, 91 Ga., 400, mandamus to canal company at suit of person interested in navigation, to keep its canal in navigable condition; State ex rel. v. Water Works Co., 52 Mo. App., 312, mandamus upon application of private party to compel company to furnish him with water; Haugan v. A. L. Co., 24 L. R. A., 424, to same effect; State ex rel. v. Telephone Co., 17 Neb., 126, mandamus to company at instance of citizen.

*E. P. Hamblen* and *Ewing & Ring*, for appellees.—1. The contention that the trial judge was disqualified because his grandmother owned a lot in the cemetery, is untenable. The disqualifying cause must, with clearness and certainty, appear, and the supporting affidavit is only on belief that the grandmother still owns the lot, and only of secondary evidence and a legal conclusion that she ever did. But aside from this, the grandmother never elected to and has not become a party, and her indirect or consequential interest is unimportant. Winston v. Masterson, 87 Texas, 200.

2. The objection of misjoinder and multifariousness could not avail at any stage, since there is a common bond of interest between the lot owners and stockholders in the preservation of the cemetery property. But however that may be, "the fact that the bill on which an injunction and a receiver are sought is multifarious, or that it is liable to objection because of misjoinder of parties, constitutes no sufficient objection to a motion for a receiver." High on Receivers (2 ed.), sec. 86.

3. Objection was taken that the plaintiff Drew, because an unregistered stockholder, could not seek redress for the alleged wrongs to the stockholders. A sufficient answer is, that the registered transferror, T. W. House, became a plaintiff by intervention, and so the point was obviated. But independent of that, it appearing that Drew had done all in his power to become registered, his demand being denied unless he would accept the alleged watered stock in substitution, the weight of authority and reason bear down the objection. 2 Cook on Stock and Stockholders, sec. 735.

4. Insistence is made that appellees are not entitled to relief, because of other adequate remedies. The relief sought involves affirmative action rather than the merely preventive, and therefore injunction is patently inadequate to meet the exigency. It is not claimed that there is any remedy by the ordinary action at law. The remedy by mandamus, even if the writ be applicable to any branch of the case in hand, is itself extraordinary relief that does not lie where the party "has any other adequate remedy." High's Ex. Leg. Rem., sec. 10. The delay incident to relief of that character is, however, conclusive against the contention of its adequacy. It is settled that equity jurisdiction is not affected by the mere circumstance that there is another remedy, but that other remedy "must be plain and adequate, or, in other words, as practical and as efficient to the ends of justice and its prompt administration, as the remedy in equity." 3 Pet. (U. S.), 215; Sullivan v. Railway, 94 U. S., 806.

GARRETT, CHIEF JUSTICE.—This appeal is from an interlocutory order of the District Court of Harris County appointing a receiver of the property of the Houston Cemetery Company and of a trust fund held by said company in a trust capacity. The order was made after a notice to the defendants in a pending suit brought by Octavius C. Drew and others, lot owners in the cemetery, and a holder of a share of the stock in the

company, against the corporation itself and the president, directors and secretary thereof, and the trustee in a certain deed of trust executed by the company upon the cemetery grounds.

The petition alleged facts to show and charge that the defendants had failed to maintain the cemetery in a proper state of preservation and adaptation for the uses and purposes to which it was dedicated; that the defendants had without authority increased the stock of the company from $10,000 to $100,000 by issuing watered stock; that they had executed a deed of trust in violation of law upon a part of the grounds of the cemetery, and that they had wrongfully misapplied a trust fund provided by the charter and by-laws for the purpose of improving and keeping the cemetery, by loaning it to the company and executing the above mentioned deed of trust, that they unlawfully imposed a tax upon a transfer of burial lots by the lot owners; and had closed, altered and changed the drives, roads, walks and other open places in the cemetery, as shown by the map and plot thereof upon the faith of which the lot owners had bought. Plaintiffs sought appropriate relief in respect to all the matters complained of, and prayed for the appointment of a receiver, which by the interlocutory order appealed from was appointed by the court and invested with all the powers usual or incidental to his office and specially authorized and directed to carry on and continue the business of the defendant company and to take all such steps, perform all such acts and make all such expenditures and incur all such liabilities as may be reasonably necessary to maintain the company's cemetery property in a reasonable state of preservation for the uses and purposes of a cemetery, including the repair or construction of such bridge or bridges as may be necessary to that end, and also the obtaining of such supply of water, at reasonable cost, as may be necessary to prevent the waste, decay or destruction of such cemetery property or any part thereof, and to protect the franchises of said corporation from forfeiture from non-user or mis-user.

It would not be proper for this court to express an opinion upon the points raised that will determine the rights upon the final hearing of the case. Our decision upon the order of the court below appointing the receiver should be without prejudice to the ultimate decision, which the court may be called upon to make.

The court appointing a receiver is invested with a large discretion as to the necessity, and its decision of the facts upon the supporting and counter affidavits, when they are conflicting, must be accepted as conclusive. The question therefore that remains for the appellate court, is to determine whether or not the case made is one in which a receiver ought to be appointed. If there are any grounds of relief prayed for that would authorize the appointment of a receiver, it need not be made to appear conclusively that the plaintiff is entitled to recover upon them; it will be sufficient if it appears that he has a reasonable expectation of obtaining such relief.

The defendant company was chartered by a special act of the 12th

Legislature, approved May 12, 1871, Special Laws, First Session, p. 323. It was empowered to acquire and hold not exceeding 500 acres of land in Harris County, to be held for cemetery purposes only, which it was authorized to enclose, lay out, ornament and improve; and it might arrange and dispose of burial lots on such terms, and with such conditions for the permanent care and preservation of the cemetery grounds or any part thereof, as may be agreed upon between the company and the purchasers. The company was required to have a map and plot of their grounds and cemetery made from an actual survey, with the lots, drives, walks and alleys delineated thereon, and to deposit the same with the register of deeds, and to make the sales of the lots with reference to the map. It was its duty before the sale of any lots, by resolution of the stock holders, to fix a percentage of the receipts from the sale of the lots in the cemetery as a permanent fund, the principal to be invested in bonds and mortgages upon unincumbered real estate in the county of Harris, the interest to be used for the purpose of improving and keeping the cemetery in order. This percentage could never be changed, and was a perpetual trust fund to be administered as a trust by the directors of the company. The capital stock was divided into shares of $100 each, the company to be organized when $10,000 was subscribed for and ten per cent of the amount paid in; and the stockholders were authorized to fix the amount of capital stock and to increase it to a sum not exceeding $100,000. A resolution of the stockholders fixed ten per cent as the percentage of proceeds from sales of lots to constitute the permanent trust fund; and the capital stock was fixed at $10,000.

The capital stock was afterwards increased to $100,000 upon the estimated increase in value of the land bought for the purposes of the cemetery; and certificates of stock were issued to the shareholders at the ratio of ten of the new shares for one of the old. This was apparently within the inhibition of the constitution (art. 12, sec. 6), against the issuance of stock except for money paid, labor done or property actually received. On December 31, 1893, the corporation, by its president and secretary, executed a promissory note to the defendant Thomas Tinsley, as Trustee of the Permanent Trust Fund of the Houston Cemetery Company, for the sum of $8285.52, payable one year after date, with semi-annual interest at the rate of seven per cent per annum, and attempted to secure the same by a deed of trust upon a portion of the cemetery grounds. The fund had been used by the company and was not then on hand, and instead of replacing it, the company, which was the trustee thereof, undertook to lend it to itself. It does not appear to what purposes the money had been applied, but it was evidently misapplied, and the defendants should be required to restore the same. This may properly be done through a receiver. The court may in such case, however, enter an alternative decree making the appointment subject to the payment of the money into court within a specified time; but the court below did not see proper to do so in this case, and we cannot see that it abused the discretion vested in it, especially when this ground

for relief is considered in connection with the various other grounds, as well as the fact that the company probably had no authority to create a lien upon the land bought for cemetery purposes, or to lend the money upon such security. Special Laws, supra; 4 Am. & Eng. Encyc. Law, 55.

Defendants have allowed the bridge which is the main approach to the grounds to become out of repair so that it cannot be used. They have also stopped the water supply, so that the flowers and shrubs are liable to be destroyed by drouth. Whether or not it is a matter entirely within the discretion of the directors whether they shall use any funds besides the interest on the permanent fund and the lot assessments for the purpose of keeping up the cemetery, is a question we will not anticipate by discussion, or decision thereof. Defendant corporation is certainly charged with the duty of maintaining the bridge in a proper state of repair. It seeks to justify its failure to do so on the ground that the lot owners will not pay their assessments; that the interest on the permanent fund is not sufficient, and that the proceeds of the sale of lots are not subject to such use. There is nothing in the charter that prevents the use of the proceeds of sales of lots for such purpose, and the question may arise as to whether they can be used or not at the discretion of the company. But the order appointing the receiver does not require the repairs to be made out of any particular fund, and we do not anticipate that the funds of the company will be unlawfully appropriated by the court which will have the direction of its receiver. It is urged on the part of the defendants that the plaintiffs could have had relief by mandamus to the company to build the bridge, but it would necessarily require considerable time to obtain it in that way, and defendants would be able to delay indefinitely performing a duty about which there can be no doubt that they should perform, the only question made by them being as to how the bridge should be paid for.

The defendant company, whether as a quasi-public corporation or one strictly private, owes duties to its lot owners and shareholders which it may be compelled by the courts to perform, and, from the nature of its business and the matters of neglect and breaches of duty charged against it in misappropriating the trust fund, and failing to collect the assessments and to keep the bridge in repair, this seems to be a proper case for the appointment of a receiver with all the powers conferred upon him by the order appealed from. There is no occasion now to pass on the alleged want of authority of the company to exact the fee required for consent to a transfer of lots by shareholders; nor upon the right of the lot owners to vote in corporate meetings.

The judge who granted the order appointing the receiver was not disqualified by reason of his relationship to one of the shareholders, who was not a party to the suit. Winston v. Masterson, 87 Texas, 200. A petition or bill filed in the interest of a party and all persons similarly situated does not make the persons similarly situated parties to the suit. The fact that the father and other relatives of the judge were buried in

the cemetery, he not being a lot owner, did not disqualify him on the ground of interest in the suit.

The allegations of the petition were sufficient to excuse the complaining shareholder from seeking redress through the corporation. Cowles v. Glass, 30 S. W. Rep., 293. There can scarcely be any doubt that a lot owner in a cemetery corporation has such an interest therein as may be protected in a proceeding of this kind. He is not the ordinary owner of an easement, and his right to have the drives, walks and approaches kept in repair, does not depend upon the law of easements. We do not think that the maxim that he who seeks equity must do equity can be applied to defeat the relief sought in this case. Watson was not in arrears on his assessments, and neither Drew nor House, as shareholders, could be affected by arrearages on their part; besides other relief was sought by the lot owners than such as depended in any way upon the payment of the assessments; they were directly interested in the preservation of the trust fund. The intervention of T. W. House cured the objection that the transfer of the share of stock by him to Drew had not been made upon the books of the company. There is no merit in the objection that there is a misjoinder of parties or of causes of action.

The order of the court below appointing a receiver will be affirmed.

*Affirmed.*