**HOLLINGSWORTH et al. v. TEXAS HAY ASS'N. (No. 8423.)\***

(Court of Civil Appeals of Texas. Galveston. Dec. 19, 1922. Rehearing Denied Jan. 18, 1923.)

1. Injunction ⬤➡61(1)—Proper remedy to restrain breach of contract with co-operative marketing association.

By reason of section 17 of the Co-operative Marketing Act (Vernon's Ann. Civ. St. Supp. 1922, art. 14½s), injunction is the proper remedy to prevent members of the association from breaching their contracts and to enforce performance thereof.

2. Injunction ⬤➡63—Hay dealer, though not a member, may be enjoined from interfering with performance of contract of co-operative marketing association.

A hay dealer who knowingly aids, abets, and designedly assists a member who has contracted to deliver all his hay to a co-operative marketing association organized under the Co-operative Marketing Act 1921 (Vernon's Ann. Civ. St. Supp. 1922, art. 14½k et seq.) to break his contract with the association may be enjoined, though he is an outsider entitled to pursue his private business, from further dealings either under section 25 of the act or under the general principle of equity (Rev. St. 1911, art. 4643).

3. Monopolies ⬤➡10—Is within legislative power to declare co-operative marketing association not trust.

It is within the legislative power to declare that under the public policy of the state a co-operative marketing association is not an illegal trust, in violation of Const. art. 1, § 26, and Rev. St. 1911, arts. 7796–7809.

4. Agriculture ⬤➡6 — Co-operative marketing association not restricted as to locality of operations.

Organizaions organized under the Co-operative Marketing Act 1921 (Vernon's Ann. Civ. St. Supp. 1922, art. 14½k et seq.) are not restricted as to the locality of their operations.

5. Agriculture ⬤➡6—Contract between co-operative association and member thereof held not unilateral.

A contract between a co-operative hay marketing association and a member thereof requiring such member to sell all hay produced to or through the association *held* not unilateral and binding only on the member.

6. Appeal and error ⬤➡1010(1)—Lower court's finding of fact supported by evidence not disturbed on appeal.

In the absence of any contention that the lower court's conclusion of fact is not supported by testimony, it will not be disturbed on appeal.

Appeal from District Court, Brazoria County; M. S. Munson, Judge.

Action by the Texas Hay Association against L. D. Hollingsworth and others. From a judgment for plaintiff, defendants appeal. Affirmed.

GRAVES, J. This appeal is from an order of the court below refusing to dissolve a temporary injunction it had theretofore issued in the case of Texas Hay Association v. L. D. Hollingsworth and Others.

The hay association, a corporation organized under our new Co-operative Marketing Act of 1921 (General Laws 37th Leg. c. 22, p. 45 [Vernon's Sayles' Statutes, 1922 Supplement, c. 7A, art. 14½k et seq.]), sued Hollingsworth and wife, Edwards, Jockusch, and Stansel, alleging that Hollingsworth was a member of the association and as such had contracted with it to sell and market all hay produced or acquired by him only to and through it; that, having become dissatisfied with the contract, he was attempting to breach it by selling and delivering in the name of his wife different quantities of his hay to Edwards and to Jockusch, and to the latter's agent, Stansel; that Edwards and Jockusch were hay dealers, had already, received or contracted to receive through Mrs. Hollingsworth as a medium amounts of hay which to their knowledge Hollingsworth had so agreed to handle exclusively through the hay association, and were inducing and attempting to induce him to break his contract with it, advising, aiding, and abetting him with that purpose and object in view.

It was further averred that the membership of the association comprised a very large majority of the producers of prairie hay throughout South Texas, that it was organized without capital stock for the purpose "of promoting, fostering, and encouraging the intelligent and orderly marketing of agricultural products through co-operation and to eliminate speculation and waste and for the purpose of making distribution of agricultural products as direct as can be efficiently done between producer and consumer, and to stabilize the marketing problems of agricultural products," and that it could not succeed against such acts as the defendants were charged with so co-operating in committing, nor unless its members delivered to it as contracted all hay produced by them.

Damages against all defendants according to certain schedules provided in the act were sought, and then followed this prayer for injunction:

"Wherefore this plaintiff prays that it be granted a temporary writ of injunction restraining the defendant L. D. Hollingsworth from breaching his contract with this plaintiff

and the marketing and delivering hay to others than to this plaintiff, and from seeking to evade and avoid the terms of his said contract with this association and compelling him to deliver all hay made and saved by him to this association under the terms of his contract with this association, and likewise enjoining him from marketing any hay in and through the name of his wife, Mrs. L. D. Hollingsworth, and through her instrumentality, and enjoining Mrs. Hollingsworth from marketing any hay of the said L. D. Hollingsworth in her name contrary to the terms of this contract with this association, and likewise restraining the defendants Thomas C. Edwards, Julius W. Jockusch, and C. A. Stansel from receiving hay from the said L. D. Hollingsworth, in his own name or in the name of Mrs. L. D. Hollingsworth, or from any other member of this association, and from inducing or attempting to induce the defendant L. D. Hollingsworth or any member of this association to sell and deliver hay made by them to said defendants Edwards, Jockusch, and Stansel, and not to this plaintiff, and inducing the defendant L. D. Hollingsworth to evade and avoid the terms of his contract with this association, and from aiding, conspiring, and abetting the said L. D. Hollingsworth in his attempt to evade and avoid said contract, and restraining said Hollingsworth from delivering said car No. 61881 with hay to the defendant Edwards and the defendant Edwards from receiving same."

On hearing the plaintiff's petition, the court granted the writ in all things as prayed for, and later refused, on motion, to dissolve it, from which decree the defendants L. D. Hollingsworth and T. C. Edwards have appealed.

Jockusch, Stansel, and Mrs. Hollingsworth have not complained here; so, as concerns them, the trial court's action is not challenged.

Neither side to the appeal has filed briefs in this court; merely a memorandum of authorities in its own behalf having been presented by the appellee.

It is accordingly not entirely clear on just what grounds appellants base their attack upon the order, but, if their motions in the lower court to dissolve it are to be considered as embodying their objections, they are these:

(1) The contract between Hollingsworth and the association for exclusive marketing through it is in violation of article 1, § 26, of our Constitution and of chapter 1, tit. 130, of our Revised Statutes, in that it so stifles competition, restricts trade and commerce, and endeavors to control prices in the hay business in Texas as to constitute a monopoly and a trust.

(2) The contract is in derogation of the law under which the association was organized—that is, article 14½A of Vernon's Sayles' Civil Statutes—in that through it the association is not confining its membership and business operations to the community in which it is domiciled, to wit, Houston, Har-

ris county, Tex., as such statute requires, but is attempting to operate at Pearland, in Brazoria county, Tex., the home of Hollingsworth.

(3) The contract is unilateral and not binding on Hollingsworth, in that it seeks to obligate him to sell and deliver to the association all hay produced or acquired by him during the years 1921 to 1925, inclusive, whereas by its terms the association is not bound to buy any of such hay, but merely undertakes to act as Hollingsworth's agent to sell the same in such manner as in its discretion it deems best.

(4) That, even if originally valid, the contract was subsequently breached by the association in a number of particulars: (a) Although therein agreeing to handle and sell the hay of members only, it in fact bought and handled hay from others; (b) while it so contracted to buy all Hollingsworth's hay, it bought none, but merely received and held it for marketing purposes, in some instances advancing money on it; (c) in not accepting and in good faith endeavoring to market all of Hollingsworth's product, but in fact limiting the amount it would handle, then refusing to sell much of what it had on hand when there was a good market price obtainable; and, finally, in charging such grossly excessive expenses for handling against what it did sell as to reduce his returns far below what he could have individually obtained in the open market, thereby in effect confiscating his property.

On the record presented here we cannot say that any of these defensive matters should have prevailed. In so far as they involve fact issues, the statement of facts discloses sufficient evidence to support the trial court's judgment refusing to sustain them. Appellant Hollingsworth admitted being a member of the association and that he had made the contract it declared on. There was also enough evidence to sustain findings to the effect that, substantially as charged in the bill for the writ, he was attempting to breach his contract with the appellee and escape its obligations by selling his hay to Edwards, and that the latter, with full knowledge of the former's relationship to the hay association, was in fact conspiring with him to accomplish that result; Edwards contending below, and presumably here also, that the enforcement of such a contract as that between Hollingsworth and the association and the success of such a co-operative marketing plan as was contemplated therein would put outside hay dealers like himself out of business.

[1] Under such a state of facts, by the express provisions of the act invoked in the the suit, injunction in behalf of the association against its members to prevent a breach of the contract and to enforce specific per-

formance thereof would lie. Section 17, Co-operative Marketing Act of 1921 (General Laws 37th Leg. p. 51). ,

[2] As concerns appellant Edwards, he could not knowingly aid, abet, and designed-ly assist a member in undermining such a contractual relationship and undertaking be-tween others and then escape on the ground that he was an outsider and entitled to pur-sue his own private business in his own way. If the finding indicated as to his part in the transactions be justified, the interference with the rights of others was on his side en-tirely, and not only would it render him li-able to the association in damages, pursuant to section 25 of this act, but also, under the general principles of equity, would confer up-on it the right to enjoin him along with Hol-lingsworth. Article 4643, Revised Statutes of Texas; 14 Ruling Case Law, Injunction, par. 91, p. 390; Grant County Board, etc., v. Allphin, 152 Ky. 280, 153 S. W. 417.

[3] The terms of the act likewise dispose of the (1) claim above mentioned that the contract in question is in contravention of our anti-trust laws. By section 26 it is ex-plicitly provided:

"No association organized hereunder shall be deemed to be a combination in restraint of trade or an illegal monopoly; or an attempt to lessen competition or fix prices arbitrarily; nor shall the marketing contracts or agree-ments between the association and its members nor any agreements authorized in this act be considered illegal or in restraint of trade."

We know of no constitutional reason why the public policy of the state may not be so declared. A similar act with like purposes has been passed by the federal Congress. See Capper-Volstead Act passed by the Sixty-Seventh Congress and approved by the President February 18, 1922 (42 Stat. 388).

[4] The (2) contention also falls in the same manner. The law herein declared up-on is the new act on the subject passed in 1921, and it contains no such restriction as to the locality of the operations of the Asso-ciations organized under it as that invoked in this (2) objection.

[5] (3) The assertion that the contract was unilateral and not binding on Hollingsworth is devoid of merit. Its terms closely and substantially followed the statue which au-thorized it, and its mutuality plainly ap-pears.

[6] (4) The concluding plea that the hay association upon its part so breached the contract as to leave it without the right to require Hollingsworth to perform is deter-mined adversely to appellants by the con-sideration that the trial court evidently found the facts the other way, and no con-tention is made here that such a conclusion lacked support in the testimony.

From these conclusions it is apparent that in our opinion the court did not err in re-fusing to dissolve the temporary injunction.

The judgment is accordingly affirmed.

Affirmed.