**LENNOX et al. v. TEXAS FARM BUREAU COTTON ASS'N. (No. 3199.) \***

(Court of Civil Appeals of Texas. Texarkana. March 12, 1926. Rehearing Denied March 25, 1926.)

**Injunction** ⊜➡163(1)—**That marketing contract was intended to bind members as cotenants and not as partners held not ground for dissolving temporary injunction restraining them from violating contract pending suit (Rev. St. 1925, art. 5753).**

Temporary injunction, authorized by Rev. St. 1925, art. 5753, restraining members of cooperative cotton marketing association from selling cotton to others than association pending final hearing of cross-action for injunction, will not be dissolved on ground that such contract was intended to bind members as cotenants and not as partners.

Appeal from District Court, Red River County; R. J. Williams, Judge.

Suit by H. H. Lennox and others against the Texas Farm Bureau Cotton Association, in which defendant filed a cross-action. From an order denying plaintiffs' motion to dissolve a temporary injunction, they appeal. Affirmed.

See, also, 257 S. W. 935.

The appeal is from an order of the court denying a motion to dissolve a temporary injunction. On October 11, 1922, the appellants brought suit against the appellee association to recover damages for the alleged breach of contract, and for the annulment and cancellation of a marketing contract signed by them on June 30, 1921, upon the alleged grounds of fraudulent representations and statements inducing its execution. The association timely filed an answer, and also filed a cross-action. The cross-action set up the appellants' breach of the marketing agreement signed by them, and sought to recover damages accruing to the association by reason of such breach, and asked that appellants be compelled to perform their contract, and that, pending the hearing of the case upon its merits, the appellants be enjoined from disposing of their cotton contrary to their contract. On August 31, 1925, the court, on the cross-action, granted a temporary injunction restraining the appellants, and each of them, from "disposing of all or any part of the cotton produced or acquired by or for them and each of them

during the year 1925, to any person or persons other than defendant herein." On November 24, 1925, the appellants filed a motion to dissolve the temporary injunction. The appellee filed a demurrer to the motion, and for answer denied all the allegations in the motion. On December 17, 1925, the court heard the motion, and the demurrer was sustained. The appellants refused to amend their motion, and the motion to dissolve was then overruled.

Lennox & Lennox, of Clarksville, and J. Q. Mahaffey, of Texarkana, for appellants.

Robbins & Edwards, of Clarksville, Robert S. Marx, of Chicago, Ill., Long & Wortham, of Paris, Aaron Sapiro, of Chicago, Ill., and C. K. Bullard, of Dallas, for appellee.

LEVY, J. (after stating the facts as above). We think the only question for consideration on this special appeal is whether the temporary injunction should have been continued to the final hearing on the merits. The cooperative marketing act of this state expressly authorizes the association and its members to make and execute marketing contracts like unto the contract set out and pleaded by both the appellants and appellee. By express terms of the act a temporary restraining order is allowable to the association pending the adjudication of an action against a member for breach or threatened breach, or specific performance of the marketing contract. Article 5753, R. S. 1925. The allegations of the cross-action seeking the restraining order are within the terms of the statutory provisions. It was alleged that the appellants were copartners, cotton growers in Texas, and they executed an association agreement in writing embodying a marketing agreement whereby they agreed to sell to the association, and the association agreed to purchase, "all of the cotton produced or acquired by or for them in Texas during the years 1921, 1922, 1923, 1924, and 1925, upon the terms and conditions in said agreement set forth." Further, "that during the years 1922, 1923, and 1924 plaintiffs produced and acquired, jointly and severally, in Texas many pounds of cotton, etc.; that plaintiffs have not delivered said cotton or any part thereof to the defendant, but, on the contrary, and in violation of the said marketing agreement and the terms and conditions thereof, have sold and delivered 883,000 pounds of said cotton to some other person or persons other than the defendant," etc. The grounds of the motion to dissolve the injunction are to the extent that the marketing agreement executed was void for fraudulent representations and deceit inducing its execution; that the contract signed was intended and only purported to bind appellants as "joint tenants," and not as partners or otherwise; that appellants are in no wise partners, as trading partners.

Aside from the force of the allegations on a trial on the merits, the motion to dissolve sets up no ground legally sufficient to require the court to set aside the temporary injunction. The appellants signed the agreement, and, in effect, were members of the association, and it is immaterial, so far as the temporary injunction allowed by the statute is concerned, whether they were joint tenants or copartners, as between themselves, in producing or acquiring the cotton. The association under the statute was entitled to the injunction against appellants by their membership and by their obligation as producers of cotton. Cotton Ass'n v. Stovall, 253 S. W. 1101, 113 Tex. 273; Hollingsworth v. Texas Hay Ass'n (Tex. Civ. App.) 246 S. W. 1068; Long v. Cotton Ass'n (Tex. Civ. App.) 270 S. W. 561.

The judgment of the trial court is affirmed.