# JULY, 1927

TEXAS FARM BUREAU COTTON ASSOCIATION v. H. H. & C. D. LENNOX AND G. P. BLACKBURN.

Motion No. 7700. Decided July 19, 1927.

(297 S. W., 743).

*Aaron Sapiro; C. K. Bullard; Robbins & Bailey,* and *Long & Wortham,* for the motion.

*Lennox & Lennox,* and *King, Mahaffey & Wheeler,* contra.

MR. CHIEF JUSTICE CURETON delivered the following opinion:

The relator, the Texas Farm Bureau Cotton Association, on July 6, 1927, filed in the Supreme Court a motion for leave to file a petition for mandamus against the Honorable R. J. Williams, Judge of the One Hundred and Second Judicial District. The purpose of the mandamus is to require Judge Williams to proceed to trial in a case pending in the District Court for Red River County, One Hundred and Second District, styled H. H. & C. D. Lennox v. Texas Farm Bureau Cotton Association. The suit has been pending in that court for a number of years, has twice been before the Courts of Civil Appeals, and once before the Supreme Court. 257 S. W., 935; 283 S. W., 619; Texas Writs of Error Supp., List No. 1, 294 S. W., 16. After the last reversal of the case, to-wit: On or about the——day of June, 1927, the plaintiffs therein, H. H. & C. D. Lennox, who are made parties respondent in the present action, filed an application and motion in the trial court, asking that Judge Williams, the presiding judge of that court, hold himself disqualified to try the suit. On or about the 2d day of July, 1927, this motion came on for consideration by Judge Williams, and by an order entered upon the minutes of his court the motion for disqualification was sustained. Whereupon Judge Williams certified his disqualification to the Honorable Barry Miller, Acting Governor of the State, who appointed or designated the Honorable G. P. Blackburn, Judge of the Sixth Judicial District of Lamar County, to try the cause. Judge Blackburn set the case for trial on July 11, 1927, whereupon

the motion for leave to file the petition for mandamus was filed in the Supreme Court, and application made to the writer of this opinion for a temporary injunction restraining H. H. & C. D. Lennox, their agents and attorneys, from taking any further action regarding the trial of cause No. 13038 styled H. H. & C. D. Lennox v. Texas Farm Bureau Cotton Association, pending in the One Hundred and Second District Court of Red River County, and for writ of prohibition to Judge Blackburn, commanding him to refrain from trying said cause, pending the action of the Supreme Court on the application for writ of mandamus.

When the application for temporary injunction was presented, the writer granted a restraining order, and set the application for temporary injunction for hearing in chambers on July 16, 1927. This hearing was had, at which counsel for the relator and the respondents H. H. & C. D. Lennox appeared, and the case was presented and argued in proper form.

The grounds of disqualification found to exist by Judge Williams were that he was related within the third degree to two members of the Texas Farm Bureau Cotton Association, and that by reason thereof he concluded that they were parties in interest and parties by representation to the suit, and that therefore, under the Constitution and laws of the State, he, Judge Williams, was disqualified to try the case. His certificate to the Acting Governor states clearly the grounds of the disqualification, as follows:

"To His Excellency, The Honorable Barry Miller, Acting Governor:

"Sir: I, R. J. Williams, Judge of the One Hundred and Second Judicial District of Texas, do hereby find and certify that I am related by affinity within the third degree to George W. Daniel (he having married my sister), and J. C. Scaff (I having married his sister, Fannie Scaff), and that both said relatives are members of the defendant association, and that the said George W. Daniel is and was a grower of cotton in Texas prior to July 1, 1921, and that each of said named parties signed a contract generally similar to the one attached to the defendant's answer and cross-bill upon which the defendant seeks to recover about $47,000 for an alleged breach thereof, and that the one signed by the said George W. Daniel was prior to the incorporation of the defendant association, which was incorporated July 23, 1921, and that par. 15 of the Marketing Contract embodied in the association agreement reads as follows:

" '15. This agreement is one of a series generally similar in terms, comprising with all such agreements, signed by individual growers, or otherwise, one single contract between the association and the said growers, mutually and individually obligated under all of the terms thereof. The association shall be deemed to be acting in its own name, for all such growers, in any action or legal proceedings on or arising out of this contract.'

"I further find that the defendant association is a mutual association without capital stock and that its assets belong to its members.

"I, therefore, conclude and hold that George W. Daniel and J. C. Scaff are 'parties' in interest and 'parties' by representation to the above and foregoing suit within the meaning of the Constitution and Laws of Texas, and that I am disqualified to hear and try the aforesaid suit and cause of action, and I now and here so certify and request Your Excellency to designate some District Judge in an adjoining district to exchange and try the case as provided under Art. 1885 of the Rev. Stats., 1925.

(Signed) "R. J. WILLIAMS,
"Judge, One Hundred and Second Judicial District."

The relator here insists that the grounds stated by Judge Williams are not grounds of disqualification, and that Judge Williams should be required to go forward with the trial of the case. It insists that the brothers-in-law of the District Judge are not parties to the suit, which was brought solely against the corporation, and is being defended solely by the corporation. It insists that they are neither necessary nor proper parties to the action, since all matters arising out of the same can be adjudicated between H. H. & C. D. Lennox and the corporation without the intervention of individual stockholders or members.

Manifestly, if the petition for mandamus presents in good faith and upon reasonable grounds a justiciable question for determination by the Supreme Court, then the temporary injunction ought to issue, in order to protect the jurisdiction of the Supreme Court and enable it to make effective such order as it may enter.

The writer has concluded, after an examination of the authorities, that the law as to whether or not Judge Williams is disqualified, is under the decisions of our courts in an unsettled state, and that, therefore, the application for mandamus does present in good faith and upon reasonable grounds a justiciable question for the determination of the Supreme Court.

The Texas Farm Bureau Cotton Association is a corporation organized under the Co-operative Marketing Association Act of this State, which may be found in Arts. 14½k and 14½yy, Vernon's Texas Civ. Stats., 1922 Supp. Corporations of this character are declared by the statute to be non-profit associations, "inasmuch as they are not organized to make profits for themselves as such or for their members as such, but only for their members as producers." The statute discloses, however, that organizations of this character are corporations for all essential purposes, although the method of operation and the rights of the members are different from those in an ordinary corporation. These corporations may be organized without capital stock, but they are permitted to accumulate a reserve fund from the profits or net proceeds of their activities. In the argument it was stated that the relator here did have such a reserve fund of approximately one million dollars. Membership certificates are issued to the members, and entitle them to the rights and privileges set forth in the statute. If this corporation is to be regarded as any other corporation, then it is settled by the authorities that the fact that a stockholder may be related within the prohibited degree to the trial judge would not disqualify the judge from trying a case to which the corporation was a party. 33 Corpus Juris, 108; Kingman-Texas Implement Co. v. Herring National Bank, 153 S. W., 394; Houston Cemetery Co. v. Drew, 13 Texas Civ. App., 536, 36 S. W., 802; Lewis v. Hillsboro Roller Mill Co., 23 S. W., 338.

Whether or not the Texas Farm Bureau Cotton Association is such a corporation as is within the rule as to disqualification announced in the authorities cited, appears to the writer to be a question for the determination of the Supreme Court, and not one so clear as that a justice of this court ought on hearing of this character to say that it is not a justiciable question which can be urged in good faith.

Insistence is made here that the contract entered into with the Texas Farm Bureau Cotton Association by the respondents H. H. & C. D. Lennox, and with other parties, necessarily constitutes one contract, and that therefore the brothers-in-law of the District Judge, though not named in the suit pending in Red River County, are nevertheless parties to that suit within the inhibitions of the Constitution and the statute. On this question there appears to be some conflict or confusion of authorities in this State.

In the case of Schultze v. McLeary, 73 Texas, 92, 11 S. W., 924, it was held that in a suit against the husband of a sister to the wife

of a District Judge, if the defendant represented a right claimed by himself and wife in community, then the judge was disqualified, although the wife was not named as a party in the suit. There are other authorities similar in effect: Jordan v. Moore, 65 Texas, 363; Gains v. Barr, 60 Texas, 676; Hodde v. Susan, 58 Texas, 389. The cases just cited construe the constitutional and statutory provisions which use the word "party" in a broad sense, and condemn that "narrow or contracted construction of the term 'party' which confines it to the very person named on the docket as such."

On the other hand, in a case later than those cited, the Supreme Court, in an opinion by Associate Justice Gaines, held that the words 'party' or 'parties,' when used in connection with suits or actions, are technical words, the meaning of which is as certainly fixed as any words in the language; that by the use of such word or words it is understood that they refer to he or they by or against whom a suit is brought, whether at law or in equity; that while others might be affected indirectly or consequentially by the result of the suit, and were therefore interested, yet they were not parties within the inhibitions here invoked. The case referred to is Winston v. Masterson, 87 Texas, 200, 27 S. W., 768. The brief of the respondents H. H. Lennox and C. D. Lennox filed herein states that this case "seems to be in conflict with the decision of the court in Schultze v. McLeary." Commenting further, the respondents' brief states: "In Winston v. Masterson it would appear that the Supreme Court gave to the term 'party' a narrow construction and confined it to those who were parties by name to the record of the cause." In the Winston case, Winston brought suit against C. Davis and H. Masterson to enjoin the execution of a judgment which had been obtained against him by Davis in the County Court. As one of the grounds of the injunction Winston alleged that the judgment was void because the County Judge who tried the case was disqualified by reason of his relationship to H. Masterson. The original judgment in Davis v. Winston was rendered by A. R. Masterson, brother of H. Masterson, judge of the County Court. H. Masterson was the attorney for Davis, and though not a named party to the cause, had a contract with the plaintiff for his fee as attorney, by which he was to receive a contingent fee equal to one-half of the amount recovered by him upon the judgment or claim against Winston. This court, in the opinion referred to, held that the judge, although a brother of the attorney who had the contingent fee, was not disqualified to try the case, holding in effect that since H. Masterson was not a

party to the record in the trial court, his brother was not disqualified to try the case, although H. Masterson's fee depended upon the result of that suit. Concerning this matter this court in part said:

"The judge and the attorney were connected within the degree prescribed by law, and the question arises whether the attorney was a 'party' to the suit within the meaning of the Constitution; for if he was not, the judge was not disqualified.

"In ascertaining the meaning of the words used in a Constitution or statute it is the duty of a court to look to their meaning as used in the particular connection, and to apply that meaning when and in reference to a matter in which a word has a technical signification, it is proper to attach that meaning to it.

"The words 'party' and 'parties,' when used in connection with suits or actions, are technical words, the meaning of which is as certainly fixed as any words in the language.

"In Bank v. Cook, 4 Pickering, 411, it was said: 'We are to ascertain the true meaning of the legislature in the use of their statute, and we are to consider them, when legislating upon subjects relating to courts and legal process, as speaking technically, unless from the statute itself it appears that they made use of the terms in a more popular sense. The word party there is unquestionably a technical word, and has a precise meaning in legal parlance. By it is understood he or they by or against whom a suit is brought, whether at law or in equity; the party plaintiff or defendant, whether composed of one or more individuals, and whether natural or legal persons; they are parties in the writ, and parties on the record, and all others who may be affected by the writ indirectly or consequentially, are persons interested, but not parties.' This is the meaning attached to the words when used in such a connection, in the following cases: Douglass v. Gardner, 63 Me. 462; Hunt v. Haren, 52 N. H., 169; Robinson v. Commissioners, 37 Ind., 335; Walker v. Hill, 21 Me., 482; Farrar v. Parker, 3 Allen, 557; Thayer v. Overseers, 5 Hill, 443; Cooke v. Cooke, 41 Md., 369; Owens v. Gotzian, 4 Dill., 438; Seeley v. Clark, 78 N. Y., 220.

"That this is in the sense in which the word parties is used in that part of the Constitution above quoted is evident from another clause in the same article which declares, that 'When a judge of the District Court is disqualified by any of the causes above stated, the *parties* may by consent appoint a proper person to try said cause.' No person not a party to the record could give consent in such a case or otherwise control it, no matter what his interest in the litigation might be.

The statutes upon the same subject show intent to use the word in the same sense. Rev. Stats., Arts: 1091, 1092, 1093.

"If relationship to one interested in the result of an action would have disqualified the County Judge, then he would have been disqualified, although the interest of his brother was contingent. Chambers v. Rodgers (Hodges), 23 Texas, 113."

In the application here presented the brothers-in-law of the District Judge have not been named as parties to the suit pending in Red River County, and if they are to be held as parties within the constitutional and statutory inhibitions, the holding must be predicated upon the fact that they are interested in the result of the suit. It would appear under Winston v. Masterson that their interest in the suit would not make them parties; while under previously cited opinions of this court the conclusion might be reached that they are parties. On the whole, it appears, therefore, that the duty of reconciling the authorities, if in conflict, or if not in conflict, of distinguishing them, and determining which line of authorities is applicable to the facts of this case, is one for judicial consideration by this court, and that the writer ought not to undertake to prejudge the matter by permitting the Red River County suit to go forward and the subject matter of the petition for mandamus be placed beyond the control of the Supreme Court. The judicial power of the Supreme Court has been lawfully invoked, and the subject matter of the action must be preserved for the effective exercise of that power.

In the argument it was stated that the respondents H. H. & C. D. Lennox might be seriously damaged by a failure to have the case tried at the present term of the District Court. In response to this, the statement was made by relator's attorney, without dispute, that the relator has a million dollars in its reserve fund. This fund is of course available for the payment of its debts. It is a corporate fund, a trust fund, and cannot be dissipated until the debts of the corporation have been paid. Associated Fruit Co. v. Idaho-Oregon Fruit Growers' Assn., 256 Pac., 99. In addition, an injunction bond has been heretofore given in the case pending in Red River County, in the sum of $50,000, and no contention is made but that this bond is a good one. However, in view of the earnest insistence made by counsel that expenses and consequent damages incident to the main suit are accruing in large amount, the conclusion has been reached that a bond in substantial amount should be given coincident with the issuance of the temporary injunction herein ordered.

Because it is believed that the petition for mandamus does present a real and substantial question for the consideration of the Supreme Court, and because in order to make any judgment rendered by the Supreme Court effective, it is necessary that the status quo of the suit pending in Red River County be preserved, the conclusion has been reached that the temporary injunction and writ of prohibition should issue as prayed for.

It is therefore ordered that the temporpary injunction prayed for do issue, restraining H. H. Lennox and C. D. Lennox, their agents and attorneys, from taking any further action regarding the trial of cause No. 13038, styled H. H. & C. D. Lennox v. Texas Farm Bureau Cotton Association, pending in the District Court for the One Hundred and Second District in Red River County, Texas, and that a temporary writ of prohibition do issue against the Honorable G. P. Blackburn, Judge of the Sixth Judicial District of Lamar County, commanding him to refrain from trying said cause in Red River County, Texas. Said temporary injunction and temporary writ of prohibition are issued to be effective pending the action of the Supreme Court on the motion for leave to file the petition for mandamus herein, and until further orders of the Supreme Court. Said writs of temporary injunction and prohibition will issue upon the filing by relator herein, Texas Farm Bureau Cotton Association, of a good and sufficient bond, conditioned as required by law, payable to the respondents, in the sum of Ten Thousand ($10,000) Dollars, to be approved by the Clerk of the Supreme Court. Upon the approval and filing of said bond the Clerk will issue the necessary writs, processes, and notices to make this order effective.

Witness My Hand, in chambers, this the 19th day of July, A. D. 1927.

C. M. Cureton, Chief Justice,
Supreme Court of Texas.