# THE ATTORNEY GENERAL
## OF TEXAS
GERALD C. MANN        AUSTIN 11, TEXAS
XX̶W̶I̶L̶L̶ ̶W̶I̶L̶S̶O̶N̶X̶X̶
**ATTORNEY GENERAL**


Honorable Charles T. Banister
Criminal District Attorney
Navarro County
Corsicana, Texas

Dear Sir:                Opinion No. O-2874
                        Re: Application of anti-trust laws to
                            agreement among a group of dairy-
                            men to fix the price of milk.

We have your letter of October 30th wherein you request our opinion on the following question:

"Is it a violation for a group of dairymen
to agree that a certain price for milk is a fair
price and a fair return for labor expended, and if
sold at a lesser price it would be at a loss, and,
as if and when agreed, could they advertise the
agreed price with each dairyman's name published in
a local newspaper?"

The statutes against trusts, monopolies, and restraints of trade are contained in Chapter 3 of Title 19 of the Penal Code of Texas and in Title 126 of the Revised Civil Statutes of Texas.

The situation outlined by you above, is clearly within the letter of Article 1632 of the Penal Code and Article 7426 of the Revised Civil Statutes. However, Article 1642 of the Penal Code, contained in Chapter 3, Title 19, expressly exempts agricultural products while in the hands of producers, from the operation of the criminal provisions of the anti-trust law in the following language:

"No provision of this law shall apply to
agricultural products or live stock while in the
hands of the producer or raiser."

In the recent case of Ex Parte Tigner, both the Court of Criminal Appeals of Texas (132 S.W. (2d) 885) and the United States Supreme Court (84 Law Ed. 756) expressly approved the exemption of agricultural products in the hands of producers from the Texas criminal anti-trust law, and declared that the law was not unconstitutional by reason of such exemption. Under the authority of this case, and mindful of the rule that criminal statutes are strictly construed, it is our opinion that an agreement among a

group of dairymen as to the price at which they will sell milk produced by them does not constitute a violation of the criminal provisions of the anti-trust laws.

No such express exemption for agricultural products is to be found in Title 126, of the civil statutes, relating to trusts. The Cooperative Marketing Act of 1921, which appears as Chapter 8, Title 93, Articles 5737 et seq., in the Revised Civil Statutes, 1925, contains an express exemption for Cooperative Marketing Associations from the anti-trust laws in Article 5762 which reads:

"No association organized hereunder shall be deemed to be a combination in restraint of trade or an illegal monopoly; or an attempt to lessen competition or fix prices arbitrarily; nor shall the marketing contracts or agreements between the association and its members nor any agreements authorized in this chapter, be considered illegal or in restraint of trade."

In State v. Standard Oil Co., 130 Tex. 313, 107 S.W. (2d) 550, Chief Justice Cureton declared Article 5762, quoted above to be "null and void" in deference to the holding of the United States Supreme Court in Connolly v. Union Sewer Pipe Co., 184 U.S. 540, 22 S. Ct. 431, 46 L. Ed. 697. A majority of the court, however, expressed the view that Article 5762 was not invalid, but that the exemption of Cooperative Marketing associations constituted a reasonable classification of subject matter. In this view the United States Supreme Court concurred in Ex Parte Tigner, supra; and since that case expressly overruled the early Connolly case, there can now be no question but that the Cooperative Marketing Act consitutues a valid exemption from the anti-trust laws, both civil and criminal. Contracts entered into by Cooperative Marketing Associations have been consistently sustained by Texas courts, although such contracts had for their purpose the stabilization of prices of agricultural commodities, and restricted trade therein by members of such associations. See: Texas Farm Bureau Cotton Ass'n. v. Stovall, 113 Tex. 273, 253 S.W. 1101; Lennox v. Texas Cotton Co-op Ass'n. (Tex. Com. App.) 55 S.W. (2d) 543; Hollingsworth v. Texas Hay Ass'n., 246 S.W. 1068; Central Texas Dairymen's Ass'n. v. Jones, 67 S.W. (2d) 896. In each of these cases one of the parties to the contract or agreement before the court was a corporation duly organized under the Cooperative Marketing Act.

In Fisher v. El Paso Egg Producers' Ass'n. , 278 S.W. 262, the El Paso Court of Civil Appeals held a marketing agreement among a group of producers invalid under the anti-trust laws by reason of the fact that the producers had failed to incorporate under the Cooperative Marketing Act and consequently had failed

to qualify under that act so as to receive immunity from the civil anti-trust laws.  We quote from the opinion of the court in that case:

> "Is the marketing agreement of appellee in violation of the above provisions of our statute?  (Section 1 of Article 7796, R.C.S., 1911, which is Article 7426, R.C.S., 1925)  If it is, and not being an incorporated body and exempt from the above as a co-operative marketing association under the provisions of our statute above referred to (Coop. Marketing Act), it is a 'trust' and its marketing agreement cannot be enforced."

We conclude that the agreement among the dairymen to fix the price of milk to be sold by them, as described in your letter, constitutes a violation of Article 7426, Revised Civil Statutes of Texas, 1925, unless such dairymen have organized a Coopertive Marketing Association, duly incorporated under the provisions of Article 5737 et seq., R.C.S., and the agreement described by you is in fact the marketing agreement between such association and its constituent members.

Yours very truly

Attorney General Of Texas

By s/ Walter R. Koch
Walter R. Koch
Assistant

WRK:BBB:wc

APPROVED NOV 20, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman