

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

October 16, 1990

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-1234

Re:    Authority of a county clerk
to collect a  fee upon filing  of
an application for emergency  de-
tention or court-ordered services
in cases involving  mental  com-
petency or  chemical  dependency,
and related questions    (RQ-2004)

Dear Mr. Driscoll:

You ask the following question:

> What fee(s),  if  any, is  the  County  Clerk
> authorized to collect upon the submission   or
> filing of an application for emergency deten-
> tion  or  court-ordered  services  in   cases
> involving mental competency, chemical  depen-
> dency or drug dependency?

We will first address your question in regard to  emer-
gency detention of mentally  ill persons.  Any adult  person
may apply for emergency detention  of another person upon  a
showing that the  applicant has reason  to believe that  the
subject of the application  is mentally ill  and that he  or
she poses an  imminent risk  of serious harm  to himself  or
others.  V.T.C.S. art. 5547-28.   Such an application is  to
be presented to a magistrate, not to the county clerk.   Id.
art.  5547-28,  § (c).   An  application  for  court-ordered
mental health services is to  be filed with the  appropriate
county clerk.  Id. art. 5547-32, § (a).

Section 118.052 of the Local Government Code sets out a
fee schedule for  clerks of  county courts.  The  fee to  be
charged for  "mental health  services" is  $40.  It  is  not
clear, however, who is  responsible for  the $40  fee.   To
answer that question,  it is necessary  to examine the  lan-
guage and history of section 118.055(c) of the Local Govern-
ment Code.

Section 118.055(c) of the Local Government Code provides that the $40 fee for mental health services is for the services listed in articles 5547-13, 5547-14, and 5547-15, V.T.C.S. The substance of section 118.055(c) was first adopted in 1967 as part of an act setting out fees to be charged by county clerks and clerks of county courts.[1] Acts 1967, 60th Leg., ch. 680, at 1785. That act stated that articles 5547-13, 5547-14, and 5547-15 were repealed to the extent that they were in conflict with the new act. A 1967 opinion of this office concluded that the repealer was ineffective because the caption to the bill did not meet constitutional requirements. Attorney General Opinion M-135 (1967). In 1977 this office concluded that whatever the case may have been in 1967, a 1977 amendment of the fee statute validated the language stating that articles 5547-13 through 5547-15 were repealed to the extent of conflict with the fee statute. Attorney General Opinion H-1097 (1977).

The repealing language in the fee statute is troublesome since neither the county clerk nor the fees of the county clerk are specifically mentioned in articles 5547-13, 5547-14, or 5547-15. Article 5547-13 provided that the county or district attorney was to represent the state in hearings on court-ordered mental health services. Article 5547-14 stated that counties were to pay for certain mental health proceedings and that those counties were entitled to reimbursement. Article 5547-15 provided that appointed attorneys and physicians were entitled to reasonable compensation, which was to be taxed as costs in the case.

In any case, Attorney General Opinion H-1097 considered the combined effect of the portion of the fee statute

---

1. The constitution provides that the county clerk is the clerk for the constitutional county court. Tex. Const. art. V, § 20. Section 25.0010(b) of the Government Code states that the county clerk shall serve as clerk of each statutory county court. See also Gov't Code §§ 25.1032(j) (Harris County Clerk shall keep separate docket for each county civil court at law), 25.1033(l) (district clerk serves as clerk for Harris County criminal courts at law), 25.1034 (Harris County Clerk shall keep separate docket for Harris County statutory probate courts). Consequently, we will use the term "county clerk" in this opinion to describe the Harris County Clerk in all of her roles.

regarding mental health services and articles 5547-13, 5547-14, and 5547-15, and concluded:

> [The fee provision] sets the clerk's fee in 'each original cause or action in a Probate Court . . . due and payable and to be paid by the party . . . initiating said cause . . . .' In an action involving a mentally ill person, the clerk's total fee for services in connection with proceeding under articles 5547-13 through 5547-15 is set at $40.00. . . . [The fee statute] thus limits the amount that may be charged for filing a petition, issuing notices, administering oaths, and performing all other clerical duties in connection with the kinds of commitment listed in article 5547-14. If the county judge allows compensation to an appointed attorney or physician under article 5547-15, it is taxed as costs in the case, and the clerk has certain duties with respect to collecting it. . . . [The fee statute] does not attempt to repeal the provisions of the Mental Health Code regarding payment of attorneys' fees, physicians' fees, and transportation costs. Since these fees are not paid to the clerk, they are unaffected by [the fee statute].

See also Attorney General Opinion M-135 (1967). In other words, Attorney General Opinion H-1097 determined that any services of the county clerk in regard to mental health proceedings, including the filing of an application, were to be considered services listed in articles 5547-13 through 5547-15 and that the total fee for any such services was to be $40.

It is significant that Attorney General Opinion H-1097 did not conclude that the fee statute had repealed any specific language of articles 5547-13 through 5547-15. If Attorney General Opinion H-1097 had concluded that specific portions of articles 5547-13 through 5547-15 had been repealed, we would have to consider whether any such portions had been revived, since articles 5547-13 through 5547-15 were revised and reenacted in 1983 as part of a substantive revision of the mental health statutes. Acts 1983, 68th Leg., ch. 47, § 1, at 211 (eff. Sept. 1, 1983). Fortunately, we have been spared that effort. Because nothing in the 1983 revisions calls the conclusion of

Attorney General Opinion H-1097 into question, those conclusions remain valid.

Although Attorney General Opinion H-1097 determined what services the $40 fee covered, it did not determine from whom the $40 fee was to be collected. Although the history and language of the relevant statutes create some confusion on this issue, we conclude that the county clerk is not to collect a fee from the person who submits an application for emergency detention or court-ordered treatment, but that the county may seek reimbursement from the patient for the services of the county clerk in such matters.

Because no services of the county clerk were actually mentioned in articles 5547-13 through 5547-15, Attorney General Opinion H-1097 had to be saying that the $40 covered services of the county clerk in connection with proceedings mentioned in those provisions. It happens that article 5547-14 provides that the county is to bear the cost of mental health proceedings. Because Attorney General Opinion H-1097 viewed the services of the county clerk as part of the mental health proceedings for purposes of the fee statute, it is consistent to interpret the provision that the county bear the cost of such proceedings to mean that the county is to bear the cost of the clerk's services. We conclude, therefore, that under article 5547-14 the county is to bear the costs of the services of the county clerk in regard to mental health proceedings. See V.T.C.S. art. 5547-14, § (b) (county may seek reimbursement from patient or person liable for patient).

It has been suggested, however, that the person who submits the application is to pay the $40 fee because section 118.055 states that the various court fees to be collected by the county clerk, including the $40 fee for mental health services, are to be paid by the "party" initiating the action. See also Acts 1967, 60th Leg., ch. 680, at 1785; Acts 1977, 65th Leg., ch. 291, at 763; Acts 1981, 67th Leg., ch. 574, at 2341; Acts 1983, 68th Leg., ch. 101, at 500; Acts 1985, 69th Leg., ch. 180, at 746 (previous versions of fee statute). This statement is problematic in regard to an application for mental health services because the person who makes the application does not thereby become a party to a lawsuit. See, e.g., V.T.C.S. arts. 5547-48(3), 5547-13 (county or district attorney shall represent that state in hearings on court-ordered mental health treatment); see also Texas Farm Bureau Cotton Ass'n v. Lennox, 297 S.W. 743 (Tex. 1927); Doe v. Roe, 600 S.W.2d 378 (Tex. Civ. App. - Eastland 1980, writ ref'd n.r.e.) (both cases discussing

meaning of term "party"). We need not determine whether the person submitting an application for mental health services is "the party initiating the action," however, because we believe that the specific language in article 5547-14 controls. In other words, because the legislature has specifically indicated that counties, at least initially, are to bear the cost of commitment proceedings, we do not think article 118.055 authorizes the county clerk to collect a fee from the person who files an application for court-ordered treatment. The county is responsible for the cost of services of the clerk, but it may seek reimbursement from the patient or from a person liable for the patient's support in a state mental health facility. V.T.C.S. art. 5547-14, § (b).

Before we address your question in regard to persons who are dependent on drugs or alcohol, it is necessary to clarify which statutory provisions apply. Before 1989, commitment procedures for alcoholics were set out in article 5561c-2, V.T.C.S. Commitment procedures for drug-dependent persons were set out in article 5561c-1, V.T.C.S. When the legislature adopted the Health and Safety Code in 1989, it repealed those statutes. Repealed by Acts 1989, 71st Leg., ch. 678, § 13(1) (eff. Sept. 1, 1989); Acts 1989, 71st Leg., 1st C.S., ch. 23, § 16(5) (eff. Nov. 1, 1989). The provisions regarding commitment of alcoholics were recodified in chapter 462 of the Health and Safety Code; those regarding commitment of drug-dependent persons were moved to chapter 463. Then, in its first called session, the 71st Legislature, which had repealed articles 5561c-1 and 5561c-2, repealed article 5561c-1 again and amended article 5561c-2 to cover commitment proceedings for all "chemically dependent" persons. Acts 1989, 71st Leg., 1st C.S., ch. 23, § 13, at 54 (hereinafter S.B. 57).

The repeal of a statute by a code does not affect an amendment of the statute by the same legislature which enacted the code. Gov't Code § 311.031(c). The amendment is preserved and given effect as part of the code provision. Id. Therefore, the amendments made to article 5561c-2 by S.B. 57 are to be given effect as part of the Health and Safety Code. In other words, the provisions applicable to persons dependent on alcohol are now the same as the provisions applicable to persons dependent on other drugs. The applicable provisions are those found in S.B. 57. To minimize confusion, we will also cite the section designations set out in Title 2 of the Texas Alcohol and Drug Abuse Services Act, as amended by section 13 of S.B. 57, in discussing the provisions applicable to emergency detention

of and court-ordered treatment for chemically dependent persons.

An application for emergency detention of a chemically dependent person is made to a judge or magistrate, not the county clerk. S.B. 57, Acts 1989, 71st Leg., 1st C.S., ch. 23, § 13, at 56 (codified at V.T.C.S. art. 5561c-2, § 2.02(d)). An application for court-ordered treatment for a chemically dependent person is made to the appropriate county clerk. Id. at 58 (codified at V.T.C.S. art. 5561c-2, § 3.02(a)). The following provision applies to the costs of commitment:

> The laws relating to payment of costs of commitment and support, maintenance, and treatment and to securing reimbursement for those actual costs that are applicable to court-ordered mental health, probation, or parole services apply to each item of expense incurred by the state or the county in connection with the commitment, care, custody, treatment, and rehabilitation of a person receiving care and treatment under this Act.

Id. at 68 (codified at V.T.C.S. art. 5561c-2, § 5.11(a)). In other words, that provision means that the county clerk is to look to the laws governing court-ordered mental health services, probation services, or parole services to determine the fees to be charged upon submission of an application for court-ordered treatment of a chemically dependent person. Because the procedures in regard to an application for court-ordered mental health treatment closely parallel the procedures in regard to applications for court-ordered treatment of a chemically dependent person, we conclude that the county clerk is to look to the laws governing court-ordered mental health treatment to determine whether the county clerk is to collect a fee from the person who submits an application for court-ordered treatment of a chemically dependent person. But see id. § 5.11(c) (codified at V.T.C.S. art. 5561c-2) (county may not pay cost for person committed to private hospital unless authorized by commissioners court). See generally Code Crim. Proc. arts. 42.12, § 11(a)(16) (condition of probation may include drug treatment), 42.18, § 8(g) (any condition authorized for probation also authorized for parole). Consequently, we conclude that the county clerk is not to collect a fee from the applicant, but that the county may seek reimbursement from the patient or a person liable for the patient's support in a state facility.

You also ask the following question:

> May the Commissioners Court set a fee to be collected by the sheriff or constables for the transport of mental health patients to and from private hospital facilities to the location where the commitment hearings are held?

Because the term "proceedings" in article 5547-14 has been interpreted broadly, we conclude that sheriffs and constables may not collect fees directly from patients for transportation to and from commitment proceedings. The county is to bear those costs. V.T.C.S. art. 5547-14. The county may seek reimbursement. Id.

### S U M M A R Y

The Harris County Clerk is not to collect a fee upon submission of an application for emergency detention or court-order treatment of a mentally ill person. The county is responsible for costs of such services, but it may seek reimbursement from a person liable for the patient's support in a state mental health facility. Similarly, the Harris County Clerk is not to collect a fee upon submission of an application for emergency detention or court-ordered treatment of a chemically dependent person, but the county may seek reimbursement. Sheriffs and constables may not collect fees directly from patients for transportation to and from hearings in regard to court-ordered mental health treatment.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General