KRUEGEL v. WILLIAMS et al.　(No. 7786.)

(Court of Civil Appeals of Texas. Dallas. April 21, 1917.)

1. JUDGES ☞47(1) — DISQUALIFICATION TO ACT—ACTING AS COUNSEL.

If a judge has been a counsel in the case in behalf of one party, he is disqualified to try the case, and his order dismissing it was void.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 214–219, 223.]

2. JUDGMENT ☞386(3) — SETTING ASIDE — TIME FOR MOTION.

Where the judge who dismissed a cause was disqualified by having acted as counsel, a motion filed at a subsequent term to set aside the judgment should have been granted.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 139.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Herman Kruegel against H. H. Williams and others. From a judgment overruling motion to set aside and cancel an

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

order dismissing the suit, plaintiff appeals. Reversed and remanded.

Herman Kruegel, of Dallas, pro se.

RAINEY, C. J. This is an appeal from a judgment in the district court overruling a motion to set aside and cancel an alleged and void order of said court made at a former term dismissing a suit where appellant was plaintiff and appellees were defendants.

[1] It is alleged in the motion to set aside and cancel the order dismissing the suit that the court had been of counsel of one of the parties to this suit, and that he had consulted with said party, and was therefore disqualified to try same, and therefore the order dismissing said suit was null and void. If the court had been of counsel, as charged, he was disqualified to try said cause, and the order dismissing it was void, and he should have sustained said motion.

[2] The trial court held as a conclusion of law as follows:

"I hold that, the above-entitled cause having been disposed of at a former term of this court, a motion to set aside the judgment filed at this April, 1916, term of this court, same being a subsequent term thereof, the court cannot entertain such a motion at this time."

This holding was clearly erroneous, and appellant duly excepted thereto and filed his bill of exception. The court should have entertained the motion, although presented at a subsequent term, and if it be shown that he was disqualified, as charged, the motion should have been sustained and the cause reinstated. Johnson v. Cheney, 17 Tex. 336; Garrett v. Gaines, 6 Tex. 435.

The judgment is reversed, and the cause remanded.