## WARD COUNTY IRR. DIST. NO. 1 v. CARR. (No. 1687.)

(Court of Civil Appeals of Texas. El Paso. Dec. 18, 1924. Rehearing Denied Dec. 31, 1924.)

**1. Waters and water courses ⬤�找231—Tax for irrigation no ground for complaint, where based on valuation made by property owner.**

Taxpayer could not complain of valuation placed on his property for taxation for irrigation district purposes, where it was based on valuation which taxpayer voluntarily placed on his property when he rendered it for taxation to assessor and which he thereafter made no effort to have equalized by Board of Equalization.

**2. Waters and water courses ⬤�We231—Foreclosure for taxes dependent on publication of delinquent tax record.**

Right of irrigation district to foreclose for delinquent taxes is dependent on publication of delinquent tax record in newspaper as required by Vernon's Ann. Civ. St. Supp. 1922, art. 5107—44.

**3. Appeal and error ⬤⟩1178(6)—Judgment not rendered for irrigation district in suit for delinquent taxes, though prevailing on appeal.**

In suit by irrigation district for delinquent taxes, judgment could not be rendered for district, though prevailing on appeal, where appellate court was unable to ascertain proper abatement for failure to assess part of lands during one of years for which taxes were sought to be recovered.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

Action by the Ward County Irrigation District No. 1 against S. R. Carr. From an adverse judgment, plaintiff appeals. Reversed and remanded.

Birge Holt, of Barstow, for appellant.

H. G. Russell, of Pecos, and John B. Howard, of El Paso, for appellee.

HIGGINS, J. This suit was brought by the appellant, Ward County irrigation district No. 1, a water improvement district for irrigation purposes incorporated under the law of this state (Vernon's Ann. Civ. St. Supp. 1922, art. 5107—1 et seq.), against the appellee, S. R. Carr, to recover taxes due upon land owned by Carr in the district levied and assessed for the years 1920, 1921, 1922, together with interest, penalties, and costs, amounting in the aggregate to the sum of $608.61.

The defendant answered by general demurrer and denial and special plea summarized in his brief as follows:

"The defendant denied that the tax was equalized as provided by law; alleged that the tax had not been assessed by competent authority; that a list of delinquent taxes had not been published; and that a legal notice of said delinquency was not issued to defendant.

"Said answer further alleged the overvaluation of defendant's property, alleging that his land was not worth $50 an acre, and in addition thereto alleged a discrimination, in that defendant's land was assessed at twice its value, while the other property in the district, including personal property, was assessed at a lower rate."

Special issues were submitted as follows:

"No. 1. Were the defendant's lands assessed for taxation on the same basis with reference to actual values as all other taxable properties in the district in question?

"No. 2. If you answer No. 1 negatively, then for what years do you find such discrimination?

"No. 3. If you have answered No. 1 negatively, then what do you find to be the fair valuation of the lands in question?"

The first issue was answered in the negative; the second, "All"; the third as follows:

"For the year 1920 ......................... $10,113 00
For the year 1921 ......................... 10,067 00
For the year 1922 ......................... 9,000 00"

Upon these findings the court rendered judgment for an abatement of the taxes sued for based upon the lower valuations placed upon the land by the jury's third finding. Recovery of interest, penalties, and costs was not allowed.

From this judgment the irrigation district appeals, complaining of the court's refusal to render judgment for the full amount of the taxes levied against the land based upon its assessed value as fixed by the tax authorities and for the penalties, costs and interest.

[1] The case, in a measure, is companion to cause No. 1686, Ogburn v. Ward County Irrigation District No. 1, this day decided, with this important distinction: That Carr each year personally rendered his property for taxation to the assessor of the district, and the valuations of which he now com-

plains were voluntarily placed thereon by him when he made his rendition. The renditions thus made by Carr were afterwards submitted to the board of equalization by the tax assessor and approved and extended upon the tax rolls and the land taxed upon the valuation thus fixed. Carr never appeared before the board of equalization.

We know of no authority which would authorize a taxpayer to complain of valuations which he has himself placed upon the land and which he thereafter made no effort to have corrected by the board of equalization. It is conceivable that under certain circumstances a taxpayer would have the right to complain of a valuation so fixed by him; as, for instance, if it were pleaded and proven that the board of equalization thereafter fraudulently and for the purpose of discriminating against him placed values upon other property which imposed upon him an undue burden and discriminated against him. But such is not the case. There is nothing in this record to indicate that the board of equalization had thus acted. It appears that Carr valued his land in accordance with the zoning system which is set forth in the Ogburn Case, and that the landed property of other owners in the district was valued in the same way, and that personal property was valued at 50 per cent. of its value. Viewing this case in its aspect most favorable to Carr, it was his duty at least to appear before the board of equalization and procure from it a just equalization of the values of all property in the district, for he knew the system that was in vogue. Under the authority of the Ogburn Case he can have no relief in the courts when he has failed to avail himself of the remedy which the law provided for the proper equalization of values in the first instance by the creation of a special tribunal for that purpose.

[2, 3] For the reason indicated, the case will be reversed, but judgment cannot be here rendered as prayed for by appellant because: First. Publication of the delinquent tax record in a newspaper was not proven. This is required by Vernon's Ann. Civ. St. Supp. 1922, article 5107—44, and this is prerequisite to the right of the district to foreclose. Hunt v. State, 110 Tex. 204, 217 S. W. 1034. The failure to make such proof was apparently inadvertent, and the case should be remanded to afford an opportunity to make same. Second. It seems that 48 acres of the appellee's land was not assessed for one of the years. Upon the record we are unable to ascertain the proper abatement he is entitled to on this account, but upon retrial this can be determined.

Appellee has filed cross-assignments. Our ruling upon these, as well as some of his counter propositions in reply to the appellant's brief, is governed by the reasons assigned above for remanding instead of rendering.

All other defenses relied upon by the appellee are overruled for the reasons stated in this opinion and in the opinion handed down in the Ogburn Case.

Chief Justice HARPER did not participate in the decision of this case.

Reversed and remanded.