## STEPHENSON et al. v. KIRKHAM.*
(No. 7829.)

Court of Civil Appeals of Texas. San Antonio.
June 8, 1927.

Rehearing Denied July 2, 1927.

**1. Appeal and error ⬅917(1)—Allegation of relationship of one interested in suit disqualifying judge, admitted by general demurrer, must be treated in appellate court as true.**

In suit to enjoin certificate holders of association from holding stockholders' meeting, answer objecting to judge's sitting in case on ground of relationship to T., his father-in-law, who owned and held certificates of beneficial interest in association, truth of which was admitted by general demurrer, had to be treated in appellate court as true.

**2. Judges ⬅51(3)—General demurrer should not be sustained to suggestion of disqualification of judge however inaptly drawn.**

General demurrer should never be sustained to a suggestion of disqualification, however inaptly drawn, since no technicality nor artificial obstacle should be offered to prevent application of provisions of Constitution and statute as to disqualification of judge.

**3. Judges ⬅45—Term "party" in Constitution and statute relating to disqualification of judge should not be confined to very persons named on docket as such.**

Term "party," as used in Constitution and statute proclaiming that no judge should sit in case where relative is a party, should not be confined to very persons named on docket as such, since such construction would often defeat end had in view of having justice impartially administered, free from bias and influence caused by judge or his relations.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Party (in Practice).]

**4. Joint-stock companies and business trusts ⬅1—Unincorporated association, business of which was placed in hands of trustees elected by shareholders, was "partnership."**

Unincorporated association, business of which was placed in hands of trustees elected at stated times by shareholders, was a "partnership," rather than a corporation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Partnership.]

**5. Judges ⬅45—Judge who was son-in-law of certificate holder in association, whose name did not appear in pleadings, held disqualified from sitting in suit to enjoin shareholders' meeting.**

In suit to enjoin certificate holders of unincorporated association, which was kind of partnership, from holding annual stockholders' meeting, fact that judge's father-in-law owned and held certificates of beneficial interest in association, disqualified judge from sitting in case, even though father-in-law's name did not appear in pleadings, since such certificate holder was directly interested in suit.

**6. Judgment ⬅9—Judgment enjoining meeting of certificate holders of association by judge who was son-in-law of certificate holder not named in pleadings was void.**

In suit to enjoin certificate holders of unincorporated association from holding annual stockholders' meeting, judgment granting injunction by judge who was son-in-law of certificate holder, whose name was not mentioned in pleadings, but who was directly interested in suit, was void.

Appeal from District Court, McMullen County; T. M. Cox, Judge.

Suit by T. P. Kirkham against W. M. Stephenson and others for injunction. From an interlocutory order granting an injunction, defendants appeal. Injunction set aside.

Douglas & Carter, of San Antonio, for appellants.

M. A. Childers, of San Antonio, for appellee.

FLY, C. J. This is an appeal from an interlocutory order, issued by the judge of the Thirty-Sixth judicial district of Texas, restraining and enjoining W. M. Stephenson, Donald Stephenson, L. A. McCollister, H. G. Evans, "and other certificate holders of the Grubstake Investment Association, their agents and representatives," from holding an annual stockholders' meeting of the Grubstake Investment Association on June 1, 1927, in room 615, National Bank of Commerce Building, or at any other time or place. They were also enjoined from any stockholders' meeting at any time or place to elect trustees or for any other purpose. The application for the injunction was applied for by T. P. Kirkham, describing himself as trustee for the association and plaintiff in a certain suit brought by him against the association and the other appellants on this appeal.

The application alleges that, after a verdict was returned in the case, appellants began to conspire for the purpose of avoiding the force and effect of the verdict, and had called the meeting on June 1, 1927, to elect trustees and transact other business. The gist of the petition seems to be that appellants are conspiring to destroy a judgment rendered by the trial court, which is contained in a printed booklet of 26 pages and at-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused November 2, 1927.

tached as an exhibit. The court must have thought that the proceeding was instituted to protect the court from an attack about to be made on his judgment rendered on January 26, 1927, for, as the reasons for granting the temporary injunction, it is stated:

"The court duly considered said pleadings and said oral testimony, and, after hearing argument of counsel thereon, and being of the opinion that the law is with the plaintiff thereon, and that said temporary injunction should issue as prayed for, and it appearing to the court that said call for a stockholders' meeting was issued by the said W. M. Stephenson and Jas. K. Naylor after the verdict had been returned in this cause on which W. M. Stephenson was removed as president, trustee, and general manager of the Grubstake Investment Association, and it further appearing from the evidence that said meeting has been called for the purpose of interfering with the jurisdiction of this court in the determination of the questions reserved for consideration by its decree entered herein at the January term of Court, 1927, and for the purpose of unlawfully setting aside said decree and avoiding the consequences thereof."

It appears from the judgment that all trustees had been removed but Kirkham, and, as he lived at a great distance, the court appointed a receiver to take charge of the property and affairs of the association. There were no measures taken to protect the receiver but to protect the court. The receiver, according to the original judgment in the case, was appointed, because Kirkham, the only trustee left after two trustees had been removed by the court, lived several hundred miles from the properties of the association. Still it is the trustee, and not the receiver who displaced him and took charge of the properties of the association, who has instituted this suit and is complaining of the acts of appellants. He does not appear as a stockholder nor on the part of other stockholders to pray for an injunction, but in the capacity alone as trustee, a position from which he was to all intents and purposes removed when the receiver was appointed.

[1-3] When the injunction was applied for, from the granting of which this appeal was taken, appellants objected to Judge T. M. Cox, judge of the Thirty-Sixth judicial district, sitting in the case on the ground of relationship to J. M. Teague, his father-in-law, who owns and holds certificates of beneficial interest in the Grubstake Investment Association, "a copartnership operating under a declaration of trust in the nature of a joint-stock association." That allegation in the answer was met by a general demurrer, which was sustained by the judge. That allegation was sworn to by one of the appellants, and its truth was admitted by the general demurrer. It must be treated in this court, therefore, as true. While the brief of appellee bases his attack on the allegations as to the disqualification of the judge on the ground that the answer was not verified by affidavit, still, as

the record shows that the answer was sworn to, it must have been made through inadvertence, as seems to be conceded. Even if it had not been sworn to, if the judge was disqualified, it was sufficient to call his attention to the relationship, if it existed, because it would not require an affidavit to notify a judge that his father-in-law was related to him in a degree sufficient to disqualify him. A hint, a mere suggestion, ought to be sufficient to raise the question and cause the judge to investigate and ascertain his position as to relationship or interest, and no general demurrer should ever be sustained to a suggestion of disqualification, however inaptly drawn. The Constitution and statute proclaim that no judge should sit in a case where a relative is a party and he need not necessarily be named as a party. As said by Chief Justice Willie, in Hodde v. Susan, 58 Tex. 389:

"A narrow or contracted construction of the term 'party,' which confines it to the very persons named on the docket as such, and excludes such as stand precisely in the same relation, would often defeat the end had in view, of having justice impartially administered free from the bias and influence produced by the interest held in the cause by the judge or his relations."

No technicality, no artificial obstacle, should be offered to prevent the application of the provisions of Constitution and statute as to disqualification of a judge. There should not be a basis for a filmy suspicion even that a biased or prejudicial judge has heard a cause between litigants. The very foundations of the republic rest on an impartial, intelligent judiciary, judging righteously between the citizens, and dispensing justice without fear, favor, or affection, to the small as well as the great, and without being "afraid of the face of man."

[4, 5] The Grubstake Association is not a corporation, but a kind of partnership, acting by and through trustees elected by those who own shares in the partnership. In a corporation the shareholders are not directly, but indirectly, interested in the affairs of the corporation, and it has been ruled that relationship of a judge to a shareholder would not disqualify him in a suit by or against the corporation. The association is a partnership rather than a corporation. Brotherhood v. Cook (Tex. Civ. App.) 221 S. W. 1049. It is a common-law trust association, which is to all intents and purposes a partnership. There was no incorporation, but the business of the association was placed in the hands of trustees elected at stated times by the shareholders. As defined, the definition being approved in Allen v. Long, 80 Tex. 261, 16 S. W. 43, 126 Am. St. Rep. 735, an association like the one in this case is "an association of individuals for the purpose of profit, possessing a common capital contributed by the members composing it, such capital being commonly

divided into shares of which each member possesses one or more and which are transferable by the owner." Each individual of such an association is directly affected by a suit against the association, just as in an ordinary partnership each partner is directly interested in, and affected by, a suit against the partnership. A relative in such a partnership within the prohibited degree would disqualify the trial judge. This would be true whether the name of the relative was named in the pleadings or not. Appellee relies upon the case of Winston v. Masterson, 87 Tex. 200, 27 S. W. 768, as denying that proposition, and it seems to do so, but that case has met with small favor by the higher courts, and in the case of Duncan v. Herder, 57 Tex. Civ. App. 542, 122 S. W. 904, it was criticized and practically overruled in a strong opinion by Judge Reese of the Galveston court, and a writ was denied by the Supreme Court. So that opinion is the law as to the disqualification of judges by reason of relatives not actually appearing in a suit. Judge Reese showed that the decision was directly in conflict with several well-considered opinions of the Supreme Court, and he said:

"If, in order to disqualify a judge to try a case on account of relationship to one of the parties, it is essential that such person be named in the pleadings as a party plaintiff or defendant, then it would follow that a judge might properly try a case brought by an executor or administrator involving the property of the estate, the heirs of which, as sole owners of property, might be the judge's own children. Such a suit might well be brought by an executor or administrator without naming the heirs or any of them as parties."

That case turned alone on the disqualification on account of the relationship of the trial judge to a party not named in the pleadings, and by refusing a writ of error the Supreme Court must have approved the virtual overruling of the Winston v. Masterson Case. The Duncan v. Herder Case has been cited with approval. It was reiterated in that court in Jirou v. Jirou, 136 S. W. 493, and approved by this court in Seabrook v. Bank, 171 S. W. 247. See, also, case of International & G. N. Railway v. Anderson County (Tex. Civ. App.) 174 S. W. 305.

Holding the judge disqualified to try the cause on account of relationship to his father-in-law, J. M. Teague, it is probably unnecessary to consider the propriety of granting the injunction, although it is thought by the court that no sufficient ground was shown in the bill for granting the injunction. If the court had jurisdiction of the suit in which the receivership was granted, it is not apparent how the election of trustees by the shareholders would affect its powers and jurisdiction in any manner. The court had the power to protect itself without a writ of injunction from any assaults made, or to be made, upon it.

[6] The judgment granting the injunction is void on account of the relationship of the trial judge to his father-in-law, who was a shareholder and directly interested in the suit, and the order granting the injunction is null and of no force and effect, and is so declared by this court, and the writ of injunction is in all things set aside.