# DECEMBER, 1927

TEXAS FARM BUREAU COTTON ASSOCIATION v. R. J. WILLIAMS, DISTRICT JUDGE.

No. 4891. Decided December 7, 1927.
(300 S. W., 44).

*Aaron Sapiro, C. K. Bullard, Robbins & Bailey* and *Long & Wortham,* for relator.

In an action between a corporation and one of its stockholders or members, the relationship of the District Judge to other stockholders or members, who are not parties to such cause, does not constitute ground for the disqualification of the District Judge. Adams v. Micasset Bank, 1 Me., 365; Bank of Lansingburgh v. McKie, 7 How. Prac., 360; Bruner v. Brewer & Co., 20 Hawaii, 617; Chambers v. Hodges, 23 Texas, 104; Dunn v. Brown County Agr. Soc., 46 Ohio, St. 93, 1 L. R. A.; 754; Ex Parte Tinsley, 40 S. W., 306; Ewa Plantation Co. v. Holt, 18 Hawaii, 509; Favorite v. Riverside, etc., 184 Pac., 15; G. C. & S. F. Ry. v. Scott, 28 S. W., 358; G. C. & S. F. Ry. v. Matthews, 32 T. C. A., 137; G. C. & S. F. Ry. v. White, 32 S. W., 322; Green v. Bogue, 158 U. S., 478; Houston Cemetery. Co. v. Drew, 36 S. W., 802; Henderson v. Ry. Co., 17 Texas, 560–573; Hunt v. Hover, 52 N. H., 162; Hodde v. Susan, 58 Texas, 389; Haney v. Brown, 46 S. W., 57; I. & G. N. Ry. v. Anderson, 174 S. W., 305; In re: Dodge & Stevenson Mfg.

Co., 77 N. Y. 101, 33 Am. Rep., 579; Knapp v. Campbell, 14 T. C. A., 199; Kingman Texas Implement Co. v. Herring National Bk., 153 S. W., 394; Lennox v. Texas Farm Bureau Cotton Association, 293 S. W., 619; Louis v. Hillsboro Mill Co., 23 S. W., 338; M. K. & T. Ry. v. Mitham, 57 T. C. A., 134; Masterson v. Masterson, 87 Texas, 200; Merchants Bank v. Cook, Pickens, 415; National Bank v. McGuire, 12 S. D., 226; Oriental v. Barclay, 16 T. C. A., 193; Patton v. Collier, 13 T. C. A. 544 (90 Texas 115); Robinson v. S. P. Ry., 386 Pac., 94 (28 L. R. A. 773); Robbins v. City of Chicago, 71 U. S. (4 Wall) 657, 672; Searsburgh, etc. v. Cutler, 6 Vt., 315; Schultz v. McLeary, 73 Texas, 92; Texas Farm Bureau Cotton Association v. Lennox, 257 S. W., 925; Tinsley v. Anderson, 171 U. S., 101; U. S. v. Hendylon, 102 Fed., 4; Wise County Coal Company v. Carter Bros., 3 Ct. Ap. Civ. Cas. Sec. 306; Const. Article 5, Section 11; Const. Article 5, Section 3; Article 15, Revised Civil Statutes of Texas, 1925; Article 14½K to 14½YY Vernon's Texas Civil Statutes, 1922 Supplement.

Where the Trial Judge is not disqualified from hearing a cause pending before him, it is his duty to proceed with the trial and determination of such cause; and mandamus, with such ancillary restraining order as may be necessary, should be granted to secure a trial and hearing before the qualified judge of the District Court in which said cause is pending. Aycock v. Clark, 94 Texas, 375; Andrews v. Beck, 23 Texas, 455; Burgemeister v. Anderson, 259 S. W., 1078; Cleveland v. Ward, 285 S. W., 1063; City of Houston v. City of Palestine, 267 S. W., 663; Hovey v. Shepherd, 105 Texas, 237; Nalle v. City of Austin, 938 S. W., 141; Yett v. Cook, 268 S. W., 715.

Nothing but useless expense and delay would be occasioned by a trial before Judge Blackburn if Judge Williams is qualified. There is no power in the Governor to designate another Judge in place of a qualified judge. Hence, if Judge Williams is qualified, a trial before Judge Blackburn would be void. Chambers v. Hodges, 23 Texas, 104; Newcomber v. Light, 58 Texas, 141; Andrews v. Beck, 23 Texas, 455; Burke v. Bennett, 62 Texas, 277.

*King, Mahaffey & Wheeler,* for respondent.

Is one not named on the record as a party to an action, but who is nevertheless a party *in interest and by representation,* a "party" within the meaning of the Constitution and laws of this State? Otherwise stated: Under the Constitution and Article 15 of the

Statutes, can a judge in this State, who is related within the third degree to a party to an action both *in interest and by representation,* try the case? We confidently affirm that he can not. In view not only of the provisions of the Constitution and Statute above noted, but in view of a settled and long-expressed policy of the State, as well as in view of the settled construction of such section of the Constitution and Statutes by the courts. Winton v. Masterson, 87 Texas, 200; Patton v. Collier, 90 Texas, 115; Duncan v. Herder, 122 S. W., 904; Schultze v. McLeary, 73 Texas, 92; Jirou v. Jirou, 136 S. W., 493; Hodde v. Susan, 58 Texas, 389; Simpson y. Brotherton, 62 Texas, 170; Houston & T. C. Ry. Co. v. Terrell, 69 Texas, 650; Jordan v. Moore, 65 Texas, 363; Gulf, C. & S. F. Ry. Co. v. Looney, 95 S. W., 691; Bank v. Herrell, 190 S. W., 797; ·Sovereign Camp W. of W. v. Hale, 120 S. W., 539; New York L. Ins. Co. v. Sides, 101 S. W., 1163; Wetzel v. State, 23 S. W., 825; Kansas City M. & O. Ry. Co. v. Cole, 145 S. W., 1098; Cotulla St. Bk. v. Herron, 202 S. W., 797; examined and discussed.

In discussing the meaning of the term "party," as used in our Constitution and Statutes, we have heretofore confined ourselves to decisions of this State. We recognize that upon this question there are two lines of decision by courts of other states in interpreting similar provisions contained in constitutions or statutes. However, we believe that an examination of such authorities will convince the court that the great weight of authority is in favor of construing the term "party" in a broad sense, indeed giving to it the construction given by this court in Hodde v. Susan; Brown v. Brown, 103 Kan., 53, 58; Howell v. Budd, 91 Cal., 342, 27 Pac. 747; Crook v. Newborg, 124 Ala., 479, 27 So., 432; Roberts v. Roberts, 115 Ga., 259, 41 S. E., 616; Johnson v. State, 97 Ark., 45, 112 S. W., 143; Moses v. Julian, 45 N. H., 52, 44 Am. Dec., 114.

Mr. Judge CRITZ delivered the opinion of the Commission of Appeals, Section A.

This is an application for writ of mandamus by Texas Farm Bureau Cotton Association, a corporation duly organized and incorporated under what is now Chapter Eight of Title 93, of the Revised Civil Statutes of Texas, 1925, against Honorable R. T. Williams, judge of the 102nd Judicial District of Texas, to require him to try a certain cause now pending in the District Court of Red River County, Texas, entitled H. H. Lennox, et al., No. 13038 v. Texas Farm Bureau Cotton Association, and to restrain the trial of said cause before any other court or judge.

Plaintiff's action, as originally brought, was to recover damages for alleged breach of contract with said association, and for the annulment and cancellation of the marketing agreement with said Association, signed by them, on June 30, 1921. By amendment on June 14, 1926, the plaintiffs in said cause No. 13038 sought to recover alone for an alleged breach of contract of said Association and made no reference to the written contract between them and the Association. The Association, by cross bill sought to recover damages of plaintiffs by reason of an alleged breach of the marketing agreement signed by them, setting forth such agreement as an exhibit to the bill, and asking for specific performance, and for an injunction restraining plaintiffs from disposing of their cotton contrary to their contract.

The plaintiffs in the District Court, H. H. Lennox and C. D. Lennox, presented to the Honorable R. T. Williams, district judge, their application and motion, supported by the affidavits of G. W. Daniel and J. G. Scaff, asking that the judge hold himself disqualified from trying said cause by reason of his relationship as the brother-in-law of the named affiants, who are alleged to be members of defendant Association. Upon hearing of this motion, the district judge held himself disqualified by reason of his relationship to the named persons, and thereupon made the following order:

"In the District Court of Red River County, Texas, Spring Term, A. D. 1927. No. 13038. H. H. Lennox et al., Plaintiffs, Texas Farm Bureau Cotton Association, Defendant.

"On this the 25th day of June, 1927, came regularly on to be heard a suggestion filed in this cause by the plaintiffs, suggesting to the court that he is disqualified to try this cause by reason of his relationship in the third degree by affinity to J. C. Scaff and G. W. Daniels, both of whom are members of the defendant, and have signed contracts similar in terms to that sued on by the defendant in its cross-bill herein.

"And the court, after hearing and considering said suggestion or motion, finds that the allegations therein are true, and by reason of facts stated therein and by reason of facts brought to his attention in the nature of the terms in the contract sued on, finds and holds that he is disqualified to try or make any orders in this cause, and so holds and declares himself to be disqualified."

Pursuant to and following the above order, the Honorable R. J. Williams, District Judge as aforesaid, refused to proceed further

with said cause, and certified his disqualification to the Governor of Texas, by the following finding and certificate:

"No. 13038. In the District Court of Red River County, Texas. H. H. Lennox et al., Plaintiffs, v. Texas Farm Bureau Cotton Association, Defendant.

"To His Excellency, the Hon. Barry Miller, Acting Governor:

"Sir: I, R. J. Williams, Judge of the One Hundred and Second Judicial District of Texas, do hereby find and certify that I am related by affinity within the third degree to George W. Daniel (he having married my sister) and J. G. Scaff (I having married his sister, Fannie Scaff), and that both said relatives are members of the defendant Association and that the said George W. Daniel is and was a grower of cotton in Texas prior to July 1, 1921, and that each of said named parties signed a contract generally similar to the one attached to the defendant's answer and cross-bill upon which the defendant seeks to recover about $47,000 for an alleged breach thereof, and that the one signed by the said George W. Daniel was prior to the incorporation of the defendant Association, which was incorporated July 23, 1921, and that paragraph 15 of the Marketing Contract embodied in the Association agreement reads as follows:

" '15. This agreement is one of a series generally similar in terms, comprising with all such agreements, signed by individual growers, or otherwise, one single contract between the Association and the said Growers, mutually and individually obligated under all of the terms thereof. The Association shall be deemed to be acting in its own name, for all such growers, in any action or legal proceedings on or arising out of this contract.'

"I further find that the defendant Association is a mutual association without capital stock and that its assets belong to its members.

"I, therefore, conclude and hold that George W. Daniel and J. C. Scaff are 'parties' in interest and 'parties' by representation to the above and foregoing suit within the meaning of the Constitution and laws of Texas, and that I am disqualified to hear and try the aforesaid suit and cause of action, and I now and here so certify and request Your Excellency to designate some District Judge in an adjoining district to exchange and try the case as provided under Art. 1885 of the Rev. Stats., 1925.

(Signed) "R. J. WILLIAMS, Judge,
"One Hundred and Second Judicial District."

The Governor of Texas, acting upon said certificate, designated Honorable G. P. Blackburn, Judge of the Sixth Judicial District of Texas, to act in place of Judge Williams.

The plaintiffs, H. H. and C. D. Lennox, endeavored to proceed with the trial of said cause before Judge Blackburn on July 11, 1927, and the present application for mandamus and for restraining order was filed by said Association to require Judge Williams to proceed with the trial of said cause, on the ground that relationship to a certificate member of said Association, who is not a party to said suit, does not disqualify him from hearing said cause, and to restrain the trial of said cause No. 13038 by any other District Judge.

The charter of said corporation contains, among others, the following provisions:

"We, the undersigned, all of whom are residents and citizens of the State of Texas, engaged in the production of agricultural products, do hereby voluntarily associate ourselves together for the purpose of forming a non-profit cooperative marketing association, without capital stock, under the Cooperative Marketing Act of the State of Texas.

"The Texas Farm Bureau Cotton Association shall make no profits from any of its activities; but all of its operations shall be for the mutual benefit of its members only and shall be cooperative in character.

"The Texas Farm Bureau Cotton Association shall not have any capital stock; but shall admit members into the Association upon payment of an entrance fee of Ten ($10.00) Dollars and other uniform conditions. The Association shall waive payment of such entrance fees up to 1926 to all members of the Texas Farm Bureau Federation.

"The voting power of the members of this Association shall be equal; and each member shall have one vote only."

The contract between said Association and its members contains, among other things, the following provisions: "The Association agrees to buy and the grower agrees to sell and deliver to said Association all of the cotton produced or acquired by or for him in Texas during the years 1921, 1922, 1923, 1924, and 1925."

The contract then provides how the cotton shall be classified, handled, and sold, and how settlement shall be made with the members. The Association, under said contract, is given full authority to handle and sell said cotton, and also to borrow money thereon. Said contract also provides that same "is one of a series generally similar in terms, comprising with all such agreements, signed by individual growers, or otherwise, one single contract between the

Association and the said growers, mutually and individually obligated under all the terms thereof."

It is further provided in said contract:

"The Association shall be deemed to be acting in its own name, for all such growers, in any action or legal proceedings on or arising out of this contract."

The sole question to be determined in the present action is whether the fact that the respondent, who is Judge of the District Court of Red River County, Texas, the court where the case of H. H. Lennox et al. v. Texas Farm Bureau Cotton Association is pending, is disqualified to try that case on account of his being a brother-in-law of two certificate members of said Association, neither of whom is named a party to said suit.

A correct decision of this case involves the construction of Sec. 11 of Art. 5 of the Constitution of Texas, and of Art. 15 of the Revised Civil Statutes of Texas, 1925, as applied to the foregoing undisputed facts.

Sec. 11 of Art. 5 of the Constitution of Texas reads as follows:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case. When the Supreme Court, the Court of Criminal Appeals, the Court of Civil Appeals, or any member of either, shall be thus disqualified to hear and determine any case or cases in said court, the same shall be certified to the Governor of the State, who shall immediately commission the requisite number of persons learned in the law, for the trial and determination of such cause or causes. When a judge of the District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law. And the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law. This disqualification of judges of inferior tribunals shall be remedied, and vacancies in their offices filled, as may be prescribed by law."

Art. 15, Revised Civil Statutes of Texas, 1925, reads as follows:

"No judge or justice of the peace shall sit in any case wherein he may be interested or where either of the parties may be con-

nected with him by affinity or consanguinity within the third degree, or where he shall have been counsel in the case."

From a reading of the Constitution in connection with the statute, it would clearly be seen that there are but three grounds of disqualification of a trial· judge under our law, which are: (a) where the judge is interested; (b) where he is related to a party to the suit, and (c) where he has been of counsel in the case. It is conceded that Judge Williams is not "interested" and that he has not been of "counsel" in the case. The sole remaining question is, whether he is related, within the meaning of the statute, to a party to the suit.

It has been repeatedly held, and is the settled law of this State, that the mere fact that the trial judge is related, within the prohibited degree, to a stockholder of a capital stock corporation does not disqualify him to try a case where the corporation is a party. Lewis v. Hillsboro Roller Mill Co., 23 S. W., 338; Houston Cemetery Co. v. Drew, 13 Texas Civ. App., 536, 36 S. W., 802; Kingman Texas Implement Co. v. Herring Natl. Bank, 153 S. W., 394, and Wise County Coal Co. v. Carter Bros. & Co. (3rd Ct. App. Civ. Cas.), Sec. 306.

Counsel for respondent very ably contend that the provisions of the charter and contract under investigation, when construed in the light of our Constitution and statutes above referred to, disqualify the respondent to try the case, and cite, among others, the following cases in support of such proposition. Duncan v. Herder, 57 Texas Civ. App., 542, 122 S. W., 904; Jirou v. Jirou, 136 S. W., 493; Hodde v. Susan, 58 Texas, 589; Simpson v. Brotherton, 62 Texas, 170; H. & T. C. Ry. Co. v. Terrell, 69 Texas, 650; Jordan v. Moore, 65 Texas, 363; Schultze v. McLeary, 73 Texas, 92; Gulf, C. & S. F. Ry. Co. v. Looney, 42 Texas Civ. App., 234, 95 S. W., 691, and First Natl. Bank v. Herrell, 190 S. W., 797.

The case of Duncan v. Herder merely holds that a judge who is a brother-in-law of a daughter of a testator is disqualified from hearing an action by the widow suing in her capacity as survivor of the community on a note executed by the intestate in his life-time.

The case of Jirou v. Jirou holds that a judge who is related to the purchaser in a guardianship sale was disqualified to pass upon the report of sale. In this connection, the court, in passing on the question, says:

"The direct interest of the purchaser in such proceeding is apparent, and his right to appear and actively participate in the proceedings relative to the confirmation of the sale, or in the proceedings on appeal from the order of confirmation, have been uniformly recog-

nized by the courts," citing authorities. This case merely holds that a person who is directly concerned in the probate matter under adjudication, is a party to the probate judgment involved.

In the case of Hodde v. Susan, it is held that where a surety on a claimant's bond in proceedings for the trial of the right of property is related within the prohibited degree to the magistrate before whom the case is pending that such magistrate is disqualified to try the case. This because, at the time the bond was given, the law provided that where the claimant failed to establish his right to the property, that precisely the same judgment was to be rendered against the surety as against the principal in the bonds. Thus the surety was directly interested in the subject matter of the suit.

The case of Simpson v. Brotherton holds that where the suit involves the community, the wife is not competent to testify to transactions between her husband and the deceased concerning matters in which she has a community interest, though the husband only is named a party. This is because the wife is in law a party by representation, and in legal effect, and is bound by the judgment in so far as her community interest is concerned.

The case of H. & T. C. Ry. Co. v. Terrell holds that a juror whose wife's sister is the wife of plaintiff, is disqualified as such, on the ground that any judgment recovered in the case would be community property.

The case of Jordan v. Moore holds that where the suit involves the community, the wife, though nominally not a party, is such in legal effect, and if related to the trial judge within the prohibited degree, he is disqualified to try the case. The case of Schultze v. McLeary in effect announces the same doctrine.

The case of First National Bank v. Herring holds that a County Judge who was related within the prohibited degree to one of the sureties on an appeal bond in a case appealed from the justice court is disqualified to try the case because judgment might be rendered against such surety in the very case being tried.

Counsel for respondent also cite as persuasive the following cases: Sovereign Camp Woodmen of the World v. Hale, 56 Texas Civ. App., 447, 120 S. W., 539; New York Life Ins. Co. v. Sides, 46 Texas Civ. App., 246, 101 S. W., 1163; Wetzel v. State, 23 Texas Civ. App., 17, 23 S. W., 825; and Kansas City, M. & O. Ry. Co. of Texas v. Cole, 145 S. W., 1098. In our opinion, these authorities are not even persuasive, for the reason that they all involve the question of the interest of the trial judge himself; and where this is the case, an entirely different rule applies, as the trial judge is disquali-

fied where he is either directly or indirectly interested in the result of the litigation.

Art. 5763 of the Revised Civil Statutes of Texas, 1925, which is a part of the law governing associations of the kind under investigation, provides:

"The provisions of the general corporation laws of this State, and all powers and rights thereunder, shall apply to the associations organized hereunder, except when in conflict with the express provisions of this chapter."

Under the above statute the same rule should be applied to this association, as is applied under the general corporation laws of this State, except when in conflict with said chapter.

We have carefully examined all of the authorities cited by respondent, and made careful investigation ourselves, and we have failed to find any case holding that the mere indirect interest of a relative of the trial judge in the result of the litigation would disqualify him to try the case; on the other hand, all the authorities we have been able to find are to the contrary.

There is nothing in the charter of said Association, or the contract with its members, which, when construed in the light of Chap. 8, Title 93, of the Revised Civil Statutes of Texas, 1925, would give reason for any rule that would disqualify the trial judge to try a cause merely because he is related to a certificate member of the Texas Farm Bureau Cotton Association. Certainly a certificate member of this Association, who has entered into its cotton contract, has no direct interest in the litigation, and he is not a party to the suit. A certificate member of such an association is no more a party to the suit in question than a stockholder of a capital stock corporation is a party to litigation of such corporation.

We therefore hold that the Honorable R. J. Williams, respondent, is not disqualified, by reason of relationship to two certificate members of said Association, to try the case of H. H. Lennox et al., No. 13038, v. Texas Farm Bureau Cotton Association, now pending in the District Court of Red River County, Texas.

We therefore recommend that this court issue its mandamus requiring and commanding the said R. J. Williams, District Judge aforesaid, to try said above entitled and numbered cause as prayed for by the relator.

The opinion of the Commission of Appeals is adopted, and mandamus awarded as prayed for.

*C. M. Cureton,* Chief Justice.