## WHITE et ux. v. HIDALGO COUNTY WATER IMPROVEMENT DIST. NO. 2 et al.
(No. 7945.)

Court of Civil Appeals of Texas. San Antonio. March 14, 1928.

Rehearing Denied April 25, 1928.

1. Judgment ⊙=486(1)—Void judgment is absolute nullity, and may be assailed at any time or place, either directly or collaterally.

A void judgment is an absolute nullity, and may be assailed at any time or place, either directly or collaterally.

2. Judgment ⊙=486(1)—Parties cannot by any acts, however negligent, lose right to assail void judgment.

Parties cannot by any acts, however negligent, lose the right to assail a void judgment;

since it is an outlaw that any one may attack whenever the occasion offers.

3. Taxation ⊙=504—Every essential and material requirement of law must be complied with in fixing lien for taxes on citizen's property.

It may be laid down as a rule that every essential and material requirement of the law must be complied with in fixing a lien for taxes on the property of a citizen, whereby taxes may forcibly be collected.

4. Waters and water courses ⊙=231—Publication of delinquent tax record in newspaper must be proved as prerequisite to water district's right to foreclose tax lien (Vernon's Ann. Civ. St. 1925, arts. 7675, 7675a, 7679).

In suit by water district to foreclose a tax lien on property within district, publication of the delinquent tax record in a newspaper, as required by Vernon's Ann. Civ. St. 1925, art. 7679, held, in view of articles 7674, 7677, 7678, required to be proved as a prerequisite to right of district to foreclose its tax lien, pursuant to articles 7675 and 7675a.

5. Waters and water courses ⊙=231—In suit attacking judgment of tax lien foreclosure, sustaining demurrer to allegations that water improvement district failed to publish delinquent tax list held error (Vernon's Ann. Civ. St. 1925, arts. 7675, 7679).

In suit attacking judgment in a tax lien foreclosure suit, court's sustaining demurrer to allegations that water improvement district had failed, in the foreclosure suit pursuant to Vernon's Ann. Civ. St. 1925, art. 7675, to publish a delinquent tax list, as required by article 7679, held error.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit by M. E. White and wife against the Hidalgo County Water Improvement District No. 2 and others. From the judgment, plaintiffs appeal. Reversed and remanded.

J. G. Grissom, of Donna, and Neal A. Brown, of Edinburg, for appellants.

D. O. Hogan and Oliver C. Aldrich, both of San Juan, D. F. Strickland, and J. Q. Henry, both of Mission, E. A. McDaniel, of McAllen, and J. F. Ewers, of Mission, for appellees.

FLY, C. J. This suit originated through M. E. White and his wife, Cora B. White, who sued Hidalgo county water improvement district No. 2, Alamo Land & Sugar Company, J. F. Ewers, trustee, C. H. Swallow, Citizens' State Bank of Donna, and J. W. Scoggins. Appellants dismissed suit as to the two last named parties, the Alamo Land & Sugar Company entered a disclaimer, and the issues were then only between appellants and the water improvement district, Ewers, trustee, and C. H. Swallow. The sum and substance of the suit was an attack on a judgment previously rendered in the same district court, wherein a lien for taxes was foreclosed in

favor of the water improvement district as against lot 3, block 8, out of the Alamo Land & Sugar Company's subdivision of land in Porcion 72, Los Torritas, Santa Anna and El Gato grants, situated in Hidalgo county. The judgment as well as proceedings thereunder were assailed, including a deed under execution or order of sale, made by a sheriff to said land in favor of C. H. Swallow. It was alleged that Swallow gave the water improvement district a deed of trust on the land; J. F. Ewers being trustee therein. There were 50 paragraphs in the petition, but the court sustained a general demurrer, and incidentally a number of special exceptions to the petition.

After alleging that a suit was filed on December 5, 1923, by the water improvement company against M. E. White and other persons for an indebtedness of $102.20 for taxes alleged against the said land for the years 1920 and 1921, and that it was sought to foreclose a lien for said taxes on said land, it was alleged that on September 4, 1924, judgment was rendered foreclosing the lien on the land for taxes and penalties in the sum of $129.08, and a sale ordered, under which Swallow purchased the land on January 6, 1925, for $192.62.

Then follow the grounds of attack on the validity of the judgment, which are:

"That none of the prerequisites provided for by the constitution and laws of Texas before filing suit for delinquent taxes in Hidalgo county water improvement district No. 2 by said district, or for taking judgment issuing an order of sale, selling, making a deed thereto, and placing purchaser in possession, thereunder, were complied with by Hidalgo county water improvement district No. 2; and that those prerequisites attempted to be executed were wholly void.

"That the tax levy for the years 1920–1921 were not made and signed by the officers of said district authorized to make such levies.

"That plaintiffs, or either of them, did not render said land for taxes for either the years 1920 or 1921 and the tax assessor of said district did not make out an assessment list for either of the years 1920 and 1921 against said land, or place an assessment on same, as required by article 7659, R. S.; that the purported assessment lists for said years were wholly void for want of description of said land, assessment of same, and affidavit thereto; that the directors of said district failed to appoint three commissioners, as required by article 7661, R. S., to act as a board of equalization for either of said years; but, if such board was appointed, it fixed the valuation by the zone system, an arbitrary method, and not by the reasonable market value of said land, and fixed a valuation greatly in excess of other lands similarly located and improved.

"That the tax assessor failed to furnish the board of equalization a list of said land; but, if he did furnish same, then said board failed to approve said list and return same to said assessor that he might make up his general rolls therefrom.

"That said assessor failed to make up his general rolls for said years and return same to said board for final approval, as required by article 7667, R. S.

"That said tax assessor failed to make up duplicate rolls for said years, and the said board failed to approve such rolls, as required by article 7669, R. S.

"That the directors of said irrigation district failed to prepare a list of lands in said district to be known as the 'delinquent tax roll,' including plaintiffs' said land for said years; but, if such roll was prepared, it failed to carry sufficient description of said land to identify same as being delinquent, as required by article 7677, R. S.

"That said directors failed for the said years to cause to be made a record styled 'The Delinquent Tax Records of Hidalgo County Water Improvement District No. 2,' accompanied by an index showing the name of delinquents therein in alphabetical order, and showing that plaintiffs' said land was delinquent for said years, with plaintiff's (M. E. White's) name appearing in the index in such alphabetical order, or either of plaintiffs' names appearing therein.

"That directors of said district failed to publish the delinquent tax records for said years respectively, but collected from M. E. White 25 cents for such publications each year when none was made.

"That the purported assessment list made by the tax assessor of said district for the year 1920 described said land as 'lot 3, block 8,' which is not a sufficient description to identify said land; and for the year 1921 as 'lot 3, block 8, Alamo,' which is not a sufficient description to identify same; that such assessments wholly failed to comply with the law and for forming a basis for which any subsequent proceedings leading up to the sale of said land under foreclosure judgment for taxes would be valid.

"That no assessment returns and no unrendered rolls for the years 1920 and 1921 were prepared showing said land.

"That no delinquent tax rolls were approved and sworn to by the proper officers of said district as required by law.

"That the oath and report of the board of equalization were not made according to law.

"That said property was not listed in the report of the board of equalization for said years, as required by law."

These in effect constitute the points of attack on the judgment.

[1, 2] If the points made against the judgment are such as go to the validity of the same, it cannot be urged with any show of success that they should have been presented on the original trial. It is futile to contend that a void judgment is res adjudicata as to anything. If the judgment is void, then it is an absolute nullity, and may be assailed at any time or place, either directly or collaterally. If void, it never at any time had any existence, and could have no effect on any existing rights. Appellants may, by laches and neglect of their rights, have lost the privilege of attacking the judgment on the ground that it was voidable, but they could not by

any acts, however negligent, lose the right to assail a void judgment, for it is an outlaw that any one may attack whenever the occasion offers.

[3] Is there any allegation in the petition that, being taken as true, would render the judgment void? It may be laid down as a rule that every essential and material requirement of the law must be complied with in fixing a lien for taxes on the property of the citizen. It is a high exercise of governmental power to place taxes upon the property of the citizen, and every essential requirement provided by law must be complied with in order to fix a lien upon such property and forcibly collect the taxes.

It is provided in article 7674, Rev. Stats. of 1925, that the water improvement district taxes shall become due and payable on November 1 of each year, and shall be paid on or before January 31 thereafter. Article 7675 creates a lien on the land, and provides for its continued existence during changes of ownership and that the lien shall not become null, although the owner be unknown or not listed in the name of the actual owner. Article 7675a provides that all legal assessments made by the board of directors of the water improvement district shall constitute a lien for such assessments, and that limitation as to debts or liens shall not apply.

Article 7677 makes it the duty of the directors to cause the tax collector to prepare a list of all lands on which taxes remain unpaid on January 31 of each year, and that the delinquent record carry a sufficient description to properly identify the land shown to be delinquent therein, and that such description may be made by reference to lot or block number. Article 7678 provides for the record and indexing the name of delinquents alphabetically. Article 7679 provides for the publication of the delinquent record in some newspaper published in the county in which the district is situated for three consecutive weeks, but such lists may be published in a newspaper outside the county to be designated by the directors under certain circumstances.

[4] In regard to the last provision of the statute, which is quoted in substance, it has been held that publication of the delinquent tax record in a newspaper must be proved, and that such proof is a prerequisite to the right of the water district to foreclose its tax lien. Ward Co. Irr. Dist. v. Carr (Tex. Civ. App.) 267 S. W. 315; Ogburn v. Ward Co. Irr. Dist. (Tex. Civ. App.) 267 S. W. 316.

[5] While the allegation as to the failure to publish the delinquent list is very general, it is not assailed by any special exception, and it is sustainable under attack by general demurrer. There are allegations as to statutory requirements as to assessments, which were sufficient to justify evidence as to whether the assessments were made as re-

quired by law. The court erred in sustaining the demurrers to the petition.

The judgment is reversed, and the cause remanded.