### GRUBSTAKE INV. ASS'N et al. v. KIRKHAM.

### STEPHENSON v. KIRKHAM.

#### (Nos. 8101, 8131.)

Court of Civil Appeals of Texas. San Antonio. Oct. 17, 1928.

Rehearing Denied Oct. 31, 1928.

DeWitt Harry and Douglas, Carter & Black, all of San Antonio, for appellants.

Childers & Dannelley, of San Antonio, for appellees.

FLY, C. J. This is an appeal from a judgment rendered by Hon. W. O. Murray, setting aside a judgment rendered by Hon. T. M. Cox, with whom the former had exchanged districts on the ground of the disqualification to render the former judgment and appoint a receiver, by reason of relationship of his father-in-law who owned shares in the corporation for whose property a receivership was granted.

■ The identical questions involved in this suit were involved in the case of Stephenson v. Kirkham (Tex. Civ. App.) 297 S. W. 265, and settled adversely to the contentions of appellants. We adhere to that decision which, since its rendition, has been fortified by another decision by this court. White v. Hidalgo Water Improvement Dist. No. 2 (Tex. Civ. App.) 6 S.W.(2d) 790. Every act of Judge Cox in connection with this was null and void; the appointment of a receiver as well as other acts.

There is no merit in the appeal, and the judgment of Hon. W. O. Murray is in all things affirmed.

#### On Motion for Rehearing.

J. W. Teague is the father-in-law of Hon. T. M. Cox, the district judge, who first tried this cause and was held by this court to be

disqualified on account of relationship to J. W. Teague, who owned shares in the Grubstake Investment Association, a joint-stock association or company. Teague executed a transfer of his 200 shares to Len Claunch, with the promise on his part that the shares could be purchased by Teague at "a convenient season," or as Teague expressed it, "after court was over." Only $100 was paid Teague for the 200 shares. It is a legitimate inference from the testimony that the sale was simulated in order to remove the apparent disqualification of the judge. Teague stated that the judge advised him to sell the stock and if he could not sell it to give it away. The suit was then pending. The evidence indicates that Teague, after the temporary injunction was issued by Judge Cox, came into possession of 500 more shares in the joint-stock association.

It is not seriously contended that the father-in-law of the judge was not the owner of shares in the joint-stock company, but it is contended that the fact of his owning did not disqualify the trial judge. This contention is made in the face of the former adjudication of this matter by this court and a refusal of a writ of error by the Supreme Court, under the identical facts now before this court.

The contention now is that this court is in conflict with an opinion by the Commission of Appeals in Texas Farm Bureau Cotton Association v. Williams, 300 S. W. 44. The association in that case was duly incorporated under the laws of Texas, while, as stated in the former opinion of this court:

"The Grubstake Association is not a corporation, but a kind of partnership, acting by and through trustees elected by those who own shares in the partnership. In a corporation the shareholders are not directly, but indirectly, interested in the affairs of the corporation, and it has been ruled that relationship of a judge to a shareholder would not disqualify him in a suit by or against the corporation. The Association is a partnership rather than a corporation."

The question as to whether the party related to the judge must be named in the pleadings in order to disqualify the judge, was thoroughly discussed in our former opinion, and authorities cited to show that the judge would be disqualified whether his relative was named or not. We need not reiterate it.

While to appellants "there can be no moral reason for a distinction between a case of this kind and one involving a corporation," there is such distinction made by courts, that hold that these joint-stock associations are partnerships, and it has never been held that a judge would not be disqualified in trying a partnership case, when a near relative of his is one of the partners.

The motion for rehearing is overruled.