HIDALGO COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 1 et al., Appellants,

v.

K. C. BOYSEN, District Clerk, et al., Appellees.

No. 13943.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 7, 1962.

Rehearing Denied Feb. 28, 1962.

A. G. Haigh, Edinburg, Ewers, Toothaker, Ewers, Elick, Jones & Abbott, McAllen, Sawnie B. Smith, Kelley, Looney, McLean & Littleton, Edinburg, Smith, McIlheran & Jenkines, Weslaco, Hill, King & McKeithan, Mission, for appellants.

Frank R. Nye, Jr., Rio Grande City, L. Hamilton Lowe, Austin, Longoria & Evins, Edinburg, Truett Hubbard, Donna, A. J. Vale, Rio Grande City, Carter, Stiernberg, Skaggs & Koppel, Harlingen, for appellees.

PER CURIAM.

This is an appeal from an order denying a temporary injunction. Appellants sought the injunction to restrain the payment of attorney's fees to the attorney for the water master in a pending suit. They claimed that the attorney was appointed by a void order. The issue is whether two District Judges who entered orders were disqualified, one because he was an attorney in the case, and the other because of his relative's interest.

The Hon. Magus F. Smith, as Judge of the 93rd Judicial District, entered an order during February, 1961, which discharged one attorney and appointed John Snedeker to represent the water master in matters arising out of a pending lawsuit. Appellants contend that the order was void. The presiding judge of the Fifth Administrative Judicial District assigned Hon. Woodrow Laughlin, Judge of the 79th District Court, to serve as Judge of the 93rd District Court during the month of August, 1961. While so serving, Judge Laughlin entered an order which undertook to confirm the earlier appointment by Judge Smith and to reappoint Mr. Snedeker. Appellants urge that Judge Smith was disqualified because he was formerly counsel for named parties in the pending water case. They urge that Judge Laughlin was also disqualified by reason of the interest of his relatives within in the prohibited degrees of relationship. Because of these disqualifications, appellants urge that the District Clerk should make no payment of attorney's fees under the two void orders.

■ Judge Smith was disqualified. Prior to his elevation to the bench, the record shows that Judge Smith, as attorney, signed and filed two separate pleadings on behalf of named parties, and by those pleadings took a legal position by asserting legal claims to the waters under the management of the court through the water master. By

a third pleading, Judge Smith's name appears as attorney on behalf of still another named party, but the pleading is signed by his former law associate. These pleadings by Judge Smith settle the issue about his former appearance as an attorney in the case.

Section 11, Article 5, of the Texas Constitution, Vernon's Ann.St., provides that "No judge shall sit in any case * * * when he shall have been counsel in the case." Judge Smith, by reason of his pleadings on behalf of the parties, was an attorney in the case prior to his becoming a judge and was disqualified to appoint the water master's attorney. Newcome v. Light, 58 Tex. 141; Slaven v. Wheeler, 58 Tex. 23; Woody v. State, Tex.Cr.App., 69 S.W. 155; Pinchback v. Pinchback, Tex.Civ.App., 341 S.W.2d 549; Turner v. Chandler, Tex.Civ. App., 304 S.W.2d 687; Kruegel v. Williams, Tex.Civ.App., 194 S.W. 683; Johnson v. Johnson, Tex.Civ.App., 89 S.W. 1102; Gaines v. Hindman, Tex.Civ.App., 74 S.W. 583.

■■ Judge Laughlin later entered his order[1] relating to the same matter. Appellants urge that he too was disqualified, and, further, that his order merely approved that which was void. Judge Laughlin has a cousin who owns two city lots in Edinburg, which are within the boundaries of and use water furnished by the Hidalgo County Water Control and Improvement District No. 1, a party to the main water suit. The judge's cousin testified that he was not involved in the lawsuit, had spent no. money on it, was not a party so far as he knew, and had hired no one to represent him. Judge Laughlin also has a second cousin whose wife owns 19.6 acres of land as her separate property which is within and is furnished water by the Hidalgo Water Improvement District No. 3, another party to the main water suit. Neither of these relatives of Judge Laughlin is named as a party. Appellants contend, however, that they are dependent upon water furnished by named parties, and that the Water Districts are their agents.

Section 11, Article 5, of the Texas Constitution provides that "No judge shall sit in any case * * * where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law * *." Article 15, R.C.S., fixes that degree at the third degree. Judge Laughlin's relatives are within that degree.

Whether Judge Laughlin was disqualified turns upon the scope of the term "parties" within the intent and meaning of the Constitution and statute. Neither his cousin nor his second cousin's wife was named as a party. This fact is not always controlling, if the interest of the relative is a direct one. The Supreme Court's opinion in Postal Mutual Indemnity Co. v. Ellis, 140 Tex. 570, 169 S.W.2d 482, 484, is helpful. The closeness of a decision is there illustrated. An attorney who is related to the judge and whose fee is contingent upon the out-

1. "It appearing to this Court that a question has been raised concerning the qualification of the said Magus F. Smith, and the Court being of the opinion that it is imperative to the rights of all parties concerned in this lawsuit that the proper administration of the matters pertaining to the Special Water Master should be carried out and the necessity exists for an attorney to handle the filing and prosecution of all matters pertaining to said Special Water Master's administration of the waters impounded by the Court, and in order to eliminate any question concerning the legality of the appointment of an attorney to represent the Special Water Master, the Orders heretofore entered by the Honorable Magus F. Smith are in all things confirmed; therefore, it is ORDERED, ADJUDGED AND DECREED that the Order heretofore entered by the said Honorable Magus F. Smith terminating the services of the said Hollis H. Rankin and appointing the said John S. Snedeker as attorney representing the Special Water Master is in all things confirmed, and the said John S. Snedeker is on this date reappointed as attorney to represent the Special Water Master at a monthly salary of Five Hundred and No./100 ($500.00) Dollars per month."

come of the case has only an indirect interest and the judge is not disqualified. But, if the judge must pass directly upon the amount of the fee and approve the amount, the attorney then has a direct interest in the subject matter of the suit, and the judge is disqualified. From this we learn that the facts of each case must be examined to determine whether the relative's interest is direct or indirect. An unnamed person who owns property or will be liable in community with a named party is directly interested. Fry v. Tucker, 146 Tex. 18, 202 S.W.2d 218. An unnamed partner is directly interested with a named partner. Grubstake Investment Ass'n v. Kirkham, Tex.Civ.App., 10 S.W.2d 184; Stephenson v. Kirkham, Tex. Civ.App., 297 S.W. 265.

The relationship to the judge does not, however, disqualify when the judge is related to the officers and stockholders of a defendant corporation. Campbell v. Moore, Tex.Civ.App., 12 S.W.2d 806; Kingman Texas Implement Co. v. Herring Nat. Bank, Tex.Civ.App., 153 S.W. 394; Houston Cemetery Co. v. Drew, 13 Tex.Civ.App. 536, 36 S.W. 802; Lewis v. Hillsboro Roller-Mill Co., Tex.Civ.App., 23 S.W. 338. The relative's interest is indirect though an attorney will receive a contingent fee, Winston v. Masterson, 87 Tex. 200, 27 S.W. 768; though a relative is a certificate member of a Marketing Association, Texas Farm Bureau Cotton Ass'n v. Williams, 117 Tex. 218, 300 S.W. 44; and though an unnamed relative is a member of a class in a class action. International & G. N. Ry. Co. v. Anderson County, Tex.Civ.App., 174 S.W. 305, 327–329.

In applying the rule of disqualification for a relative's interest we should endeavor to follow the spirit and intent of the Constitutional rule. The rule is based upon ethical principles. Justice should not have even the appearance of extraneous influence. The line has been drawn at that point where one can determine from the facts that the relative's interest is direct and real instead of indirect and remote. Even this general rule may be limited by necessity.

This is so, because the Constitution does not contemplate that judicial machinery shall stop. When the law afforded no other alternative, Chancellor Kent refused, under the doctrine of necessity, to disqualify himself though his brother-in-law was plaintiff. Moers v. White, 6 Johns Ch. 360 (N.Y. 1822). See, 30 Am.Jur., Judges, §§ 91–92; 39 A.L.R. 1476; 56 Yale Law Journal 605; 33 C.J., Judges, § 130; 48 C.J.S. Judges § 74. Lest the judicial process wholly fail, judges have been compelled to decide whether judges should pay income taxes. Evans v. Gore, 253 U.S. 245, 40 S.Ct. 550, 64 L.Ed. 887, 11 A.L.R. 519. Back of those decisions which hold that a judge is qualified in suits against municipalities, though the judge is a resident of the city, we are told, is this principle of necessity. City of Dallas v. Peacock, 89 Tex. 58, 33 S.W. 220.

Mr. Justice Hickman alluded to this practical doctrine of necessity in Hidalgo County Water Improvement Dist. No. 2 v. Blalock, 157 Tex. 201, 301 S.W.2d 593, out of which the present suit grew. He said, "We face a condition unique in the history of our jurisprudence." Judge Blalock owned lands like those which named parties claimed were riparian, with riparian rights. The Court commented upon the unique size of the case, the difficulty in obtaining a judge who might try the case, and the importance of litigating the issues, and held that Judge Blalock was qualified. One water allotment report in this record, filed for the month of August, 1961, shows more than seven hundred named cities, water districts, and individual diverters, who are in the court's jurisdiction. A former appeal shows that more than a million acres of land are affected in several counties. State v. Valmont Plantations, Tex.Civ.App., 346 S.W.2d 853. This is a class action, and in an indirect sense every person in several counties has an interest in the result of this litigation. Cases which have few parties make discovery of interest or of relationship rather simple. Judges can and do recuse themselves in such cases. Cases with a mass of unknown members of a class pre-

sent different problems. Relationship may not be revealed until decades later. We are not without precedent in such instances. "It is thought that it is not enough * * * to render a judge incompetent under terms of the law that he is related to some unnamed or inchoate party merely who may be affected by the judgment. As before said, a different construction would extend the provision of law beyond its letter and spirit so as to cast uncertainty upon all rights acquired under judicial proceedings." International & G. N. Ry. Co. v. Anderson County, Tex.Civ.App., 174 S.W. 305, 329. See also, City of Dallas v. Armour & Co., Tex. Civ.App., 216 S.W. 222. If that were not the rule, judgments in class suits, and those with multitudes of parties, could serve as traps. They would have no durability. Precedents should be protected from such hidden and destructive forces. In multiparty actions, the interest of unnamed relatives should not only be direct, it should be substantial. In our opinion, it was upon this principle that the Supreme Court refused to hold judges disqualified in Hidalgo County Water Improvement Dist. No. 2 v. Blalock, supra, in Texas Farm Bureau Cotton Ass'n v. Williams, 117 Tex. 218, 300 S.W. 44, and in Love v. Wilcox, 119 Tex. 256, 28 S.W.2d 515. Judge Laughlin was not disqualified.

A final point remains. Did Judge Laughlin in fact appoint Mr. Snedeker as attorney? Judge Smith's February orders were void, but Judge Laughlin, who was not disqualified, purported to make an order. His order as a whole reveals its intent. The order states that, if the order by Judge Smith is invalid, he, Judge Laughlin, intends as an original matter to do what is essential to make the appointment of Mr. Snedeker a valid appointment. Judge Laughlin thus not only confirms the earlier appointment, but does more. He states that Mr. Snedeker "is on this date reappointed as attorney * * *." This order was made on August 7, 1961, and in our opinion that is the date on which Mr. Snedeker was validly appointed as attorney "to

represent the Special Water Master." Younger v. McCoy, Tex.Civ.App., 53 S.W. 2d 165; Comstock v. Lomax, Tex.Civ.App., 135 S.W. 185. We accordingly affirm the judgment.